Douglas CASTANEDA–SUAREZ,
Petitioner,

v.

**IMMIGRATION AND
NATURALIZATION SERVICE,**
Respondent.

No. 92–2691.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 19, 1993.

Decided May 11, 1993.

Kurt Yahn (argued), Gershon Sternberg, Sternberg & Associates, Chicago, IL, for petitioner.

Fred Foreman, U.S. Atty., Crim. Div., Chicago, IL, Richard M. Evans, William J. Howard, David J. Kline, Anthony W. Norwood (argued), Dept. of Justice, Office of Immigration Litigation, Washington, DC, A.D. Moyer, Samuel Der–Yeghiayan, I.N.S., Chicago, IL, for respondent.

Before BAUER, Chief Judge, CUDAHY and POSNER, Circuit Judges.

CUDAHY, Circuit Judge.

Douglas Castaneda–Suarez (Castaneda) brings this appeal from an order of deportation affirmed by the Board of Immigration Appeals (Board). An immigration judge (IJ) ordered Castaneda deported after he had conceded his deportability for a controlled substance conviction pursuant to section 241(a)(11) of the Immigration and Nationality Act (Act), 8 U.S.C. § 1251(a)(11) (1988),[1] and had failed to file an application for discretionary relief under section 212(c) of the Act, 8 U.S.C. § 1182(c) (1988). We affirm the decision of the Board, but stay execution of its deportation order.

## I.

Castaneda is a twenty-eight year old male citizen of Columbia. He entered the United States in 1966 as a lawful permanent resident and has been a resident ever since. On February 5, 1987, the Immigration and Naturalization Service (INS) issued an Order to Show Cause and Notice of Hearing charging Castaneda with being deportable under section 241(a)(11) of the Act, as an alien convicted of a controlled substance violation. Castaneda admitted the allegations in the charge and conceded his deportability. He thereafter requested leave to file an application for discretionary relief pursuant to section 212(c), which grants the Attorney General discretion to admit or suspend deportation of a permanent resident who has resided in the United States for at least seven years.[2] The IJ granted the request, ordered the application to be filed by August 3, 1987, and scheduled a hearing to be held on October 1 of the same year.

Castaneda's 212(c) application was never filed. On August 5—two days after the 212(c) application was due—Castaneda's at-

1. The Immigration Act of 1990, Pub.L. 101–649, 104 Stat. 4978 (1990), renumbered and amended portions of the Immigration and Nationality Act. The 1990 Act, however, provided that these changes would not be applicable to proceedings in which notice was given to the alien before March 1, 1991—the date the 1990 Act went into effect. Castaneda's notice occurred before the effective date of the amendments, and we will thus refer to the edition of the United States Code at the time of the Board's decision.

2. Section 212(c) provides:
Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General without regard to the provisions of paragraphs (1) to (25), (30), and (31) of subsection (a) of this section. Nothing contained in this subsection shall limit the authority of the Attorney General to exercise the discretion vested in him under section 1181(b). 8 U.S.C. § 1182(c) (1988). The statute on its face only applies to aliens seeking readmission to the United States, but the Second Circuit in *Francis v. INS*, 532 F.2d 268 (2d Cir.1976), held that the relief is also available in deportation hearings. The INS has adopted *Francis, Matter of Silva*, 16 I & N Dec. 26 (BIA 1976), as have we, *Variamparambil v. INS*, 831 F.2d 1362 (7th Cir.1987).

torney filed a Form I–601, an application for waiver of excludability under section 212(g), (h) or (i).[3] At the scheduled hearing on October 1, the IJ denied Castaneda's request for a continuance to file the proper application. He denied relief under 212(h) with respect to the application for waiver of excludability mistakenly filed in lieu of an application for discretionary relief under 212(c), and held that 212(c) relief had been abandoned. Accordingly, the IJ ordered Castaneda deported to Columbia based on the charge admitted in the order to show cause.

Castaneda filed a Notice of Appeal claiming that the IJ abused his discretion in denying the request for a continuance to file an application for 212(c) relief. The IJ forwarded the appeal to the Board without a transcript, and Castaneda was given until September 12, 1988, to submit a brief in support of his appeal. A brief was never filed. On September 2, however, Castaneda's attorney filed with the IJ a motion to reopen the proceedings, attaching a 212(c) application and supporting documentation. Since the case was already in the jurisdiction of the Board, the IJ did not review the motion. The Board dismissed the appeal for the reasons stated in the IJ's decision. In the present petition for review of the Board's decision, Castaneda contends that he was denied due process of law because of ineffective assistance of counsel and because the Board abused its discretion in affirming the IJ's refusal to grant a continuance without a meaningful review.

## II.

### A. *Ineffective Assistance of Counsel*

■ Castaneda argues that he received ineffective assistance of counsel because his attorney did not file a 212(c) application, did not submit a brief in support of his appeal to

the Board and did not pursue a motion to reopen with the Board. Deportation hearings are deemed civil proceedings and thus aliens have no constitutional right to counsel under the Sixth Amendment. *Magallanes–Damian v. INS*, 783 F.2d 931, 933 (9th Cir. 1986); *see INS v. Lopez–Mendoza*, 468 U.S. 1032, 1038, 104 S.Ct. 3479, 3483, 82 L.Ed.2d 778 (1984). Nevertheless, courts have consistently held that counsel at a deportation hearing may be "so ineffective as to have impinged upon the fundamental fairness of the hearing in violation of the fifth amendment due process clause." *Magallanes–Damian*, 783 F.2d at 933.[4]

■ Castaneda, however, did not raise this claim before the Board in his appeal of the IJ's deportation order. Section 1105a(c) of the Act requires an alien to exhaust his administrative remedies before seeking review of a deportation order. 8 U.S.C. § 1105a(c); *Drobny v. INS*, 947 F.2d 241, 245 (7th Cir.1991); *Vargas v. INS*, 831 F.2d 906, 907 (9th Cir.1987). Although due process claims are generally exempt from the exhaustion requirement because the Board does not have authority to adjudicate constitutional issues, the requirement is applicable and the Board does have jurisdiction when the petitioner's claim involves " 'procedural errors correctable by the administrative tribunal.' " *Vargas*, 831 F.2d at 908 (quoting *Bagues–Valles v. INS*, 779 F.2d 483, 484 (9th Cir.1985)). There is no question that the Board has authority to reopen the proceeding to address the ineffectiveness claim and to consider the petitioner's equities under 212(c). *See Roque–Carranza v. INS*, 778 F.2d 1373, 1374 (9th Cir.1985) (denying review of ineffectiveness claim not raised before Board until petitioner files motion to reopen and it is denied). In fact, the petitioner currently has pending a motion to reopen his deportation proceedings to file a

---

**3.** Sections 212(g), (h) and (i) authorize the Attorney General to admit an alien for permanent residence who is otherwise excludable under provisions in the Act. According to an affidavit from Castaneda's former attorney's secretary, she mistakenly filed the wrong form (albeit two days late).

**4.** *See also Saleh v. United States Dep't of Justice*, 962 F.2d 234, 241 (2d Cir.1992); *Michelson v.*

*INS*, 897 F.2d 465, 468 (10th Cir.1990); *Figeroa v. INS*, 886 F.2d 76, 78 (4th Cir.1989); *Lozada v. INS*, 857 F.2d 10, 13–14 (1st Cir.1988); *Rodriguez–Gonzalez v. INS*, 640 F.2d 1139 (9th Cir. 1981); *Paul v. INS*, 521 F.2d 194, 198 (5th Cir.1975); Gregory G. Sarno, Annotation, *Adequacy of Counsel's Representation of Alien in Deportation Proceedings*, 91 A.L.R.Fed. 454 (1989).

212(c) application based upon his claim of ineffective assistance. And even if the failure to raise a claim administratively did not preclude our jurisdiction, *see Rhoa–Zamora v. INS*, 971 F.2d 26, 31 (7th Cir.1992), there are prudential considerations which would restrain us from addressing this issue in the first instance. Allowing the Board to address the ineffectiveness claim "will avoid any premature interference with the agency's processes and, in addition to affording the parties and courts the benefit of the agency's expertise, it will compile a record which is adequate for judicial review." *Roque–Carranza*, 778 F.2d at 1374. In addition, permitting the Board to address initially the ineffectiveness claim presented in a motion to reopen would "prevent deliberate bypass of the administrative scheme." *Castillo–Villagra v. INS*, 972 F.2d 1017, 1024 (9th Cir. 1992). INS regulations provide a procedure for raising issues not previously addressed by the Board, 8 C.F.R. § 3.8(a) (1992), and the Board has discretion in deciding whether a proceeding should be reopened, *INS v. Doherty*, ─── U.S. ───, ───, 112 S.Ct. 719, 724, 116 L.Ed.2d 823 (1992). During oral argument, current counsel for Castaneda conceded that he raised the issue in this appeal because he wanted us to address the ineffectiveness claim on *de novo* review rather than under the deferential standard applied when reviewing the Board's reopening decision. We will not permit a petitioner to flout INS procedures in an effort to avoid the exercise of the Board's discretion.

■ Accordingly, we decline to address the ineffectiveness claim at this time. Of course, if the motion to reopen currently pending before the Board is ultimately denied, the petitioner may challenge that decision in this court. This brings us to another issue—frequently raised in deportation proceedings. Counsel for Castaneda stated during oral argument that one of his concerns leading him to raise the ineffective assistance claim before us was his fear that Castaneda would be deported before the Board has ruled on the motion to reopen. Counsel correctly recognizes that a motion to reopen does not automatically stay a deportation order. 8 C.F.R. § 3.8(a); *Rhoa–Zamora*, 971 F.2d at 33 n. 6. We nonetheless have emphasized that the execution of a deportation order before the final resolution of any (non-frivolous) challenges to the order would raise significant equitable, if not constitutional, concerns. *Sivaainkaran v. INS*, 972 F.2d 161, 166 (7th Cir.1992); *Rhoa–Zamora*, 971 F.2d at 35 nn. 8, 11; *Kaczmarczyk v. INS*, 933 F.2d 588, 597 n. 6 (7th Cir.), *cert. denied*, ─── U.S. ───, 112 S.Ct. 583, 116 L.Ed.2d 608 (1991); *see also Gutierrez–Rogue v. INS*, 954 F.2d 769, 773 (D.C.Cir. 1992). In those cases, we were content to presume that the Board would exercise its discretion and stay the execution of its order when faced with the good faith motion to reopen. *Id.* During oral argument, however, the INS was less than reassuring that Castaneda would not be deported before the Board could rule on his motion.[5] Thus, the INS puts us in a difficult position. It argues that we should not address Castaneda's claim until he has exhausted his remedies before the Board, yet it offers no assurances that

---

**5.** The relevant exchange between the government and the court was as follows:

THE COURT. We seem to be encountering the not infrequently encountered problem of the deportee may be deported before this thing is adjudicated. What's your comment on that.

THE GOVERNMENT: There's that possibility, and as counsel suggested request for a stay would be in order, a motion for a stay would be in order here, or . . .

THE COURT. I assume that the government would not object to the stay?

THE GOVERNMENT. I don't know that the government would not object to the stay. I would have to see the basis of the motion for the stay. . . .

THE COURT: You already know the basis. The basis is they would like to have a hearing on the question of ineffective assistance of counsel. Which according to your brief, they're entitled to.

THE GOVERNMENT. They are entitled to a motion to reopen, your honor, and the motion to reopen is pending before the Board.

THE COURT: . . . What's the sense of giving them a hearing if he will be deported before the hearing?

THE GOVERNMENT: He should pursue his remedies to ask for a stay.

THE COURT: My question is what will the position of the government be when he asks for the stay?

THE GOVERNMENT: I don't know what the position for the government would be. . . .

the petitioner will still be present in this country when the Board ultimately has had a chance to review his claim. To escape this dilemma, we grant petitioner's request for a stay of the deportation order until the Board has addressed his pending motion to reopen and this court has accordingly agreed to lift it. *See Roque–Carranza,* 778 F.2d at 1374 (granting stay until motion to reopen is addressed by Board).

### B. *Board's Affirmance of IJ's Refusal to Grant Continuance*

■ Because we find that the claim of ineffective assistance is not properly before us, the only issue in the petition for review is whether the Board abused its discretion in affirming the IJ's refusal to grant a continuance to file a 212(c) application. The granting of a continuance is within the sound discretion of the IJ and is reviewed for clear abuse. *Castaneda–Delgado v. INS,* 525 F.2d 1295, 1300 (7th Cir.1975). A decision of the Board will be upheld "unless it was made without a rational explanation, it inexplicably departed from established policies, or it rested on an impermissible basis, *e.g.,* invidious discrimination against a particular race or group." *Cordoba–Chaves v. INS,* 946 F.2d 1244, 1246 (7th Cir.1991).

■ The IJ refused to grant a continuance to file a 212(c) application because Castaneda had missed the deadline for filing the application and the IJ held that the attorney's mistake was not an adequate justification for the delay. The Board affirmed the decision on appeal, "based upon and for the reasons set forth in that decision." Castaneda contends, first, that the Board could not properly review the IJ's decision without a transcript and that the Board failed to explain the basis of its decision. We disagree. A transcript was not needed to review the IJ's decision. The only issue on appeal was whether the refusal to grant a continuance was supportable, and the IJ's decision, which was forwarded to the Board, provided all the information necessary for making that determination. The Board dismissed the appeal and adopted the reasons given by the IJ as the basis for its decision. All that is required is that the Board's decision "reflect that 'it has

heard and thought and not merely reacted.' " *Akinyemi v. INS,* 969 F.2d 285, 289 (7th Cir.1992) (quoting *Becerra–Jimenez v. INS,* 829 F.2d 996, 1000 (10th Cir.1987)). Although we urge the Board to explain its decisions in greater detail so that we may be confident it has given an appeal due consideration, we find that the Board adequately explained its decision by adopting the reasoning of the IJ. The issue on appeal was quite distinct and did not require an elaborate review of the administrative record or a complex balancing of the equities. And the IJ's explanation for denying the continuance was clearly spelled out in his decision.

■ Castaneda also contends that the IJ's refusal to grant a continuance was an abuse of discretion. He relies on *Castaneda–Delgado v. INS,* 525 F.2d at 1300. In that case, the aliens, who did not speak or understand English, were given only two days to obtain representation, and sought a continuance in order to secure an attorney after the attorney they had originally contacted could not appear for their hearing. The request was refused without explanation, and worked to deny the aliens their right to counsel. We therefore found the refusal so arbitrary as to amount to an abuse of discretion. In the present case, however, Castaneda was represented by his chosen counsel and had three months to file the 212(c) application. Petitioners are generally bound by the conduct of their attorneys. *Magallanes–Damian,* 783 F.2d at 934. The failure to file an application by the set deadline is a permissible basis for denying a continuance, for a primary goal of the immigration laws is "preventing the use of 'dilatory tactic[s] to postpone the execution of deportation orders.' " *Rhoa–Zamora,* 971 F.2d at 33 (quoting *Alleyne v. INS,* 879 F.2d 1177, 1180 (3d Cir.1989)). Although there is a pending motion to reopen on the ground of ineffective assistance of counsel, an IJ need not consider whether the petitioner's counsel was effective in a request for a continuance unless and until such a claim has been made.

### III.

For the foregoing reasons, the petition for review is DENIED and the decision of the

Board is AFFIRMED. The order of deportation shall be stayed until the Board addresses Castaneda's pending motion to reopen and the stay has accordingly been lifted by this court.