26 F.3d 131
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Luis Manuel NAVA-PLACERIS, aka Louie Salazar, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 93-70396.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 9, 1994.*
Decided June 13, 1994.
 
 Before: D.W. NELSON, BEEZER, and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Luis Manuel Nava-Placeris, a native of Cuba, petitions for review of an order of the Board of Immigration Appeals ("BIA"). In its order, the BIA summarily affirmed the decision of the Immigration Judge ("IJ") finding Nava-Placeris deportable for crimes involving moral turpitude and denying as a matter of discretion Nava-Placeris's application for waiver of deportation. We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a(a). We deny the petition for review.
 
 
 3
 In its brief order dismissing the appeal of Nava-Placeris, the BIA ruled in relevant part as follows: "As we find that the immigration judge adequately and correctly addressed the issues raised on appeal, her decision is affirmed based upon and for the reasons set forth in that decision." AR at 3. Although Nava-Placeris claims that the BIA's decision "fails to delineate its reasoning adequately," Zavala-Bonilla v. INS, 730 F.2d 562, 568 (9th Cir.1984), the BIA expressly incorporated by reference the analysis in the IJ's decision, which discusses the issues in detail. Accordingly, our review will focus on the reasoning in the decision of the IJ. See Yepes-Prado v. INS, 10 F.3d 1363, 1367 (9th Cir.1993) (reviewing IJ's decision where BIA did not conduct de novo review); Castaneda-Suarez v. INS, 993 F.2d 142, 146 (7th Cir.1993) (finding no abuse of discretion where the BIA adopted the reasons given by the IJ as the basis for its decision).
 
 
 4
 Nava-Placeris raises four challenges to the IJ's reasoning. First, Nava-Placeris claims that the IJ erroneously assumed that he had to demonstrate rehabilitation to warrant a favorable exercise of discretion. This claim is factually inaccurate. Although the IJ did take into account the fact that Nava-Placeris was arrested during the pendency of the deportation proceedings, evidencing Nava-Placeris's lack of rehabilitation, the IJ also took into consideration his less than honorable discharge from the U.S. Army, the fact that none of his family members, apart from his ex-wife, came to testify on his behalf, and his extensive criminal record, consisting of over twenty separate arrests and convictions since 1981.
 
 
 5
 Nava-Placeris's second claim is that the IJ did not meaningfully weigh the positive equities in his favor. The IJ, however, considered the array of both adverse and positive factors present in the record, expressly noting Nava-Placeris's long residence in the United States, see AR at 23 (oral decision of IJ) (noting that Nava-Placeris "has lived in the United States since he was approximately six months old and is essentially a product of our society"), and the presence of Nava-Placeris's children in the United States, see id. (noting that Nava-Placeris has two children, an infant daughter and a fourteen year old boy, and emphasizing that Nava-Placeris's ex-wife testified that Nava-Placeris's departure would be detrimental to the boy). The IJ then "stated reasons for denying relief ... [which] reflect[ed her] consideration of all relevant factors." Dragon v. INS, 748 F.2d 1304, 1306 (9th Cir.1984). The IJ determined that, despite Nava-Placeris's long residence and significant family ties, the adverse factors, including his extensive criminal record and arrest during the pendency of the deportation proceedings, outweighed the positive considerations. See In re Edwards, Interim Dec. No. 3134, 1990 BIA Lexis 8, * 17-* 19 (finding alien deportable despite the presence of "unusual or outstanding" equities where alien had extensive criminal record). The IJ gave meaningful consideration to all relevant factors, and, accordingly, we cannot say that the BIA abused its discretion in ratifying the IJ's decision.
 
 
 6
 Nava-Placeris's third claim is that the IJ's decision is inconsistent with directly analogous precedent. This claim is without merit. Although Nava-Placeris cites to cases where the BIA granted a waiver of deportation even though the petitioner had a criminal record, in none of those cases was the criminal history as extensive as it is here, and in none of those cases was the petitioner again arrested during the pendency of the deportation proceedings after the IJ took the extraordinary step of continuing the deportation hearing to allow the alien to develop "further evidence" of his ability to contribute to society, see AR at 103-04. Cf. In the Matter of L, 1 I & N 767, 769 (BIA 1949) (granting a waiver of deportation where 10 years had passed since the petitioner's last arrest, and the petitioner was of good moral character and had a good employment history).
 
 
 7
 Nava-Placeris's final claim is that the IJ's analysis was inadequate because the IJ failed to take into account contemporary political and socioeconomic conditions in Cuba, the country to which the IJ determined that Nava-Placeris should be deported. Nava-Placeris, however, did not mention conditions in Cuba in his hearing before the IJ, let alone present any evidence showing why such conditions would warrant a favorable exercise of discretion, and he has offered no evidence that he pursued the matter before the BIA. Instead, Nava-Placeris's only statement concerning Cuba was that he had no family there, and the IJ properly took account of this factor when weighing the equities. Accordingly, there is no basis for review of Nava-Placeris's "country conditions" claim. Cf. Martinez-Zelaya v. INS, 841 F.2d 294, 296 (9th Cir.1988) (noting that judicial review does not extend to issues that were not argued to the BIA).
 
 CONCLUSION
 
 8
 For the reasons described above, we AFFIRM the BIA's denial of Nava-Placeris's petition.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3