Modesto **SUAREZ–RODRIGUEZ,**

v.

Shirley **EPPERSON, et al.**

Civ. A. No. 94–3865.

United States District Court,
E.D. Louisiana.

Dec. 9, 1994.

Elise Marie Beauchamp, Law Office of Elise Beauchamp, New Orleans, LA, for plaintiff.

## ORDER AND REASONS

JONES, District Judge.

Pending before the Court is a Petition for Writ of Habeas Corpus of Modesto Suarez–Rodriguez, which was taken under submission following oral argument. Having reviewed the record, the briefs and argument by counsel for the parties and the applicable law, the Court grants the petition for writ of habeas corpus and orders that petitioner's deportation be stayed pending full review of his motion to reopen by the Board of Immigration Appeals.

## BACKGROUND

Petitioner entered the United States illegally from Nicaragua in 1983.[1] In 1984, following his capture and arrest, petitioner submitted a Request for Asylum. The request was prepared by a fellow inmate who spoke no Spanish, petitioner's native language.

His request for asylum was treated as an application for withholding of deportation, and an immigration judge (IJ) denied both applications in April 1984. Petitioner sought

and was granted voluntary departure within 60 days of this finding of deportability.

Petitioner filed an appeal to the Board of Immigration Appeals (BIA) and then sought legal counsel. In addition to prosecuting the appeal, counsel sought to have the matter reopened and remanded to introduce evidence in support of petitioner's claim for asylum. Approximately four years later in 1988, the BIA denied both his appeal and motion.

BIA sent notice of the denial to petitioner at his last known address, but it was returned, marked "attempted-unknown." The INS in its memorandum states that in October 1988 the case was referred to its Investigations Division to locate petitioner.

Petitioner's present counsel filed another motion to reopen his deportation proceedings and stay the order of deportation on June 10, 1994, through present counsel. That motion was admittedly "procedurally infirm," as described by petitioner's counsel at oral argument, and was re-filed on December 2, 1994.

Prior to the filing of this second motion, however, petitioner was arrested on December 1, 1994. Petitioner's pleadings state that the deputy director for the INS district office in New Orleans refused to exert her discretionary power to allow petitioner to remain free on bond or his own recognizance and also refused to stay his deportation proceedings.

Petitioner filed the present matter on December 5, 1994. Petitioner sought a writ of habeas corpus directed to the deputy director and district director of the INS as well as the INS itself; a stay of the deportation order; his release either on bond or on his own recognizance; and attorney's fees, costs and penalties.

The Court initially granted an order that defendants show cause why the petitioner for writ of habeas corpus should not be granted. The Court also stayed petitioner's deportation pending a hearing on the order to show cause, which was set for December 7, 1994.

---

1. This factual background is drawn from petitioner's verified pleadings and the pleadings of defendant Immigration and Naturalization Service, entitled "Government Response to Request for Writ of Habeas Corpus." Where discrepancies exist, the background is taken from the INS memorandum.

At the hearing the Court heard oral argument on the issues of whether the writ of habeas corpus should issue and on whether a stay of the deportation proceedings should be entered.

### ISSUES AND APPLICABLE LAW

■ The first issue is whether this Court has subject matter jurisdiction over this proceeding. The INS contends that petitioner's failure to exhaust his administrative remedies prior to the filing of his petition deprives this Court of subject matter jurisdiction, citing 8 U.S.C. § 1105a(a)(5). However, this section of § 1105a is inapplicable to the present case. Section 1105a(a)(5) discussed transfer of a case to a district court for a hearing *de novo* when a petitioner seeking review of an order claims to be a United States national. That is not the present situation.

The INS also contends that even if petitioner had exhausted his administrative remedies, the proper court of review of his motion to reopen and/or deportation proceedings is the Court of Appeals, not the district court, citing 8 U.S.C. § 1105a(a)(2). While the INS citation of law is correct, the INS overlooks § 1105a(a)(10), which provides that "any alien held in custody pursuant to an order of deportation may obtain judicial review thereof by habeas corpus." Thus, the Court finds that it has subject matter jurisdiction.

Counsel for the INS argued at the hearing on this proceeding that the present motion contains procedural irregularities similar to the first motion in violation of 8 C.F.R. § 3.23(b). However, INS counsel conceded that these irregularities may not be fatal. Additionally, the Court has not been presented with any dismissal of the present motion by the BIA.

■ Turning to the substantive issues before the Court, it is clear that petitioner has a regulatory right, not a statutory right, to move to reopen his deportation proceeding. *Pritchett v. Immigration and Naturalization Service*, 993 F.2d 80, 83 (5th Cir.1993), *quoting INS v. Doherty*, 502 U.S. 314, 321–22, 112 S.Ct. 719, 724–25, 116 L.Ed.2d 823 (1992). The fact that this right derives from the Attorney General's promulgation of regulations and not Congress does not diminish this right once it has been established.

■ It is also clear that the filing of a motion to reopen does not serve to stay any decision previously made in a case. "Execution of such decision shall proceed unless a stay is specifically granted by the [BIA] or the officer of the Service having administrative jurisdiction over the case." 8 C.F.R. § 3.8(a). However, the Court finds that review of a motion to stay must be more than perfunctory.

■ The Code of Federal Regulations is silent as to the standard of review of denial of a motion to stay deportation pending review of a motion to reopen. Neither party has cited any case discussing the standard of review of denial of a motion to stay, and this Court has found none. Review of a denial of a motion to reopen is subject to an abuse of discretion standard. *Pritchett v. INS*, 993 F.2d 80, 83 (5th Cir.1993). Therefore, the Court finds that, at the very least, an abuse of discretion standard should apply to any denial of a motion to stay, such that the decision on a motion to stay is not made on any non-rational basis.

■ Applying this standard to the present facts, the Court finds that, at the very least, the INS and/or BIA has abused its discretion in denying petitioner's motion to stay. At oral argument counsel for the INS represented to the Court that the Board had denied the petitioner's motion to stay filed on December 2, 1994.[2] This denial apparently occurred after plaintiff had filed the present proceedings. However, in direct response to a question by this Court, the attorney for the INS also stated that it would take two years to make a decision on the motion to reopen.

The Court finds that, under the circumstances, the INS' denial of a petitioner's motion to stay shortly after petitioner was ar-

---

**2.** The Court assumes that this denial is factually correct. The INS has not filed any order of the BIA evidencing the denial.

rested and awaiting deportation is an abuse of discretion and evidence that the INS failed to meaningfully review his motion to stay. This is especially so when meaningful review of the motion to reopen would take two years. This abuse of discretion has denied petitioner due process.

The Court finds support for this finding in *Pritchett, supra.* There the Fifth Circuit concluded that the BIA's decision to deny Pritchett's motion to reopen was not "capricious, racially invidious, utterly without foundation in the evidence, *or otherwise so aberrational that it is arbitrary rather than the result of any perceptible rational approach.*" *Pritchett,* 993 F.2d at 85, quoting, *Osuchukwu v. INS,* 744 F.2d 1136, 1141–42 (5th Cir. 1984) (emphasis added).

. The Court finds that the INS' action here in denying the motion to stay in a perfunctory manner, while knowing that two years could pass before it rules on the motion to reopen in this case, is "so aberrational that it is arbitrary rather than the result of any perceptive rational approach." Such action constitutes denial of due process to a right petitioner has been granted.

The Court also finds support for its decision in *Castaneda–Suarez v. INS,* 993 F.2d 142 (7th Cir.1993), a case similar to the present case. Castaneda sought review of a BIA affirmance of a deportation order. *Id.* at 143. He had entered the U.S. as a lawful permanent resident in 1966 but later was ordered to show cause why he should not be deported because he had been convicted of a controlled substance violation. *Id.* Castaneda admitted the allegations and conceded his deportability but requested leave to file an application for discretionary relief pursuant to 8 U.S.C. § 1182(c).[3] *Id.*

Although an Immigration Judge granted the request, the application for relief was never filed. *Id.* Instead, two days after the deadline for filing the application, his attorney sought to file an application for relief under another section, which was denied by the Immigration Judge. *Id.* at 143–44. The IJ also ordered Castaneda deported. *Id.* at 144. The BIA dismissed Castaneda's appeal for the same reasons stated in the IJ's decision. *Id.* On appeal to the court of appeals, Castaneda argued that he was denied due process because of ineffective assistance of counsel and because the BIA abused its discretion when it affirmed the IJ's refusal to grant a continuance to file the second application for relief. *Id.*

While the appeal was before the BIA, Castaneda filed a motion to reopen the proceedings, attaching an application pursuant to 8 U.S.C. § 1182(c), which the IJ did not review because the matter was on appeal to the BIA. *Id.*

The Seventh Circuit declined to address the ineffective assistance of counsel claim, finding that if the motion to reopen pending before the BIA was denied, Castaneda could challenge that decision in the court of appeals. *Id.* at 145. At oral argument counsel for Castaneda stated that one of his reasons for raising the ineffective assistance claim "was his fear that Castaneda would be deported before the Board has ruled on his motion to reopen." *Id.* The court of appeals noted that a motion to reopen does not automatically stay a deportation order but stated: "We nonetheless have emphasized that the execution of a deportation order before the final resolution of any (non-frivolous) challenges to the order would raise significant equitable, if not constitutional, concerns." *Id.*

At oral argument, the INS would not assure the court of appeals that Castaneda would not be deported before the BIA ruled on his motion to reopen. *Id.*

> Thus, the INS puts us in a difficult position. It argues that we should not address . Castaneda's claim until he has exhausted his remedies before the Board, yet it offers no assurances that the petitioner will still be present in this country when the Board ultimately has had a chance to review his claim. To escape this dilemma, we grant petitioner's request for a stay of the deportation order until the Board has addressed

---

3. This section allows for discretionary admission of aliens seeking readmission to the United States and has been judicially construed as applying to relief available in deportation hearings. *Id.,* n. 2.

his pending motion to reopen and this court has accordingly agreed to lift it. *Id.* at 145–46.

This Court finds itself in a similar position. The INS has denied petitioner's motion to stay in a perfunctory manner but has stated it may take two years to rule on petitioner's motion to reopen, during which time petitioner will no doubt be deported. Thus, like the Seventh Circuit, this Court finds that deportation of petitioner before review of any non-frivolous challenge to the deportation order raises significant equitable and due process concerns.

█ The remaining question is whether petitioner's claims are non-frivolous. Petitioner's claim is apparently based on 8 U.S.C. § 1254(a)(1), which states that the Attorney General may suspend deportation and adjust the status of anyone who has been physically present in the U.S. for not less than seven years, proves that during this period he was and is a good person of moral character and is a person whose deportation would result in extreme hardship to the alien or, in this case, his child, who is a citizen of the United States. A motion to reopen will not be granted unless the mover makes a *prima facie* showing of eligibility for relief. *Doherty,* 502 U.S. at 321–22, 112 S.Ct. at 724–25.

While it is not within the province of this Court to determine whether petitioner has established such a *prima facie* case, petitioner's pleadings show that his case is not frivolous. Although he failed to comply with the voluntary departure, his case was on appeal for four years after the initial date of voluntary departure. Further, the record indicates that he has been in the United States since 1983, has apparently acted with good moral character and has a child who is a U.S. citizen. At oral argument, counsel for petitioner also stated that he has been a good employee.

The record further indicates that, although the INS characterized petitioner as a fugitive, it has waited six years after his BIA appeal was denied to arrest him. During this time, petitioner has apparently lived a normal life. Moreover, his arrest occurred, coincidentally, within a few months of the filing of his first motion to reopen by counsel in New Orleans and at the same proximate time as the filing of his second motion to reopen. The Court believes that these facts weigh in favor of the argument that petitioner's motion to reopen is non-frivolous, not in favor of INS' argument, in effect, that petitioner should be deported immediately.

Therefore, having found that the BIA's denial of petitioner's motion to stay was so aberrational and an abuse of discretion as to deny petitioner due process, and, further, having found that petitioner's claims are not frivolous, the Court GRANTS the petition for writ of habeas corpus. The Court also GRANTS the stay of petitioner's deportation proceedings pending adequate, constitutional review of both petitioner's motion to stay deportation and his motion to reopen.

Further, the Court ORDERS defendants to produce petitioner forthwith before a United States Magistrate Judge for establishment of conditions of petitioner's release pending the hearing of his motions to stay and reopen.[4]

---

4. Petitioner's request for attorney's fees and penalties is denied without prejudice because this issue was neither briefed nor argued before the Court by either party.