48 F.3d 1211
NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
 Felice IANNETTA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-1962
 United States Court of Appeals,
First Circuit.
 March 1, 1995
 
 Terese A. Wallbaum, Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, with whom Frank W. Hunger, Assistant Attorney General, Civil Division, and Charles E. Pazar, Attorney, Office of Immigration Litigation, were on brief for respondent.
 B.I.A.
 DISMISSED IN PART, AFFIRMED IN PART.
 Before TORRUELLA, Chief Judge, ALDRICH, Senior Circuit Judge, and CYR, Circuit Judge. CATALANO, with whom CONNORS, was on brief for petitioner.
 PER CURIAM.
 
 
 1
 Petitioner Felice Iannetta ("Iannetta") appeals the Board of Immigration Appeals' (the "Board") denial of his motion for reconsideration of his deportation proceedings. For the following reasons, we affirm.
 
 BACKGROUND
 
 2
 Iannetta, a native of Italy, entered the United States in March 1971 on an immigrant visa. Following numerous convictions, including four counts of assault with a deadly weapon, the Immigration and Naturalization Service ("INS") issued an order to show cause why Iannetta should not be deported. At a January 1992 deportation hearing, Iannetta admitted the factual allegations and conceded his deportability based on his numerous convictions. He requested discretionary relief from deportation, however, under Sec. 212(c) of the Immigration and Nationality Act.[1] After the hearing, the Immigration Judge ("IJ") issued an opinion, finding Iannetta deportable on the ground charged and denying his request for relief under Sec. 212(c).
 
 
 3
 Iannetta appealed the IJ's decision to the Board, maintaining that the IJ erred in balancing the equities of Iannetta's case. On February 5, 1993, the Board summarily dismissed the appeal as "clearly untimely" because the notice of appeal was due on January 23, 1992, but not filed at the Office of the Immigration Judge until February 10, 1992. Furthermore, the required fee was not paid until January 31, 1992.
 
 
 4
 Iannetta filed a motion to reopen, claiming that the motion had been timely filed and any error was on the part of the INS. The Board denied this motion, however, on May 21, 1993. The Board stated the requirements for a timely appeal, which mandate both timely payment of a fee to an INS office and subsequent receipt of the appeal by the Office of the Immigration Judge within 10 calendar days after the decision. The Board then found that the evidence supported its finding of untimely filing, and denied Iannetta's motion to reopen.
 
 
 5
 Represented by new counsel, Iannetta again challenged the Board's decision by filing a motion to reconsider. In this motion, Iannetta alleged that the untimely filing of his appeal constituted ineffective assistance of counsel. The Board rejected this motion on July 20, 1994, finding that Iannetta had not met the evidentiary requirements for a motion based on ineffective assistance of counsel as those requirements are set forth in Matter of Lozada, 19 I & N Dec. 637 (BIA 1988), aff'd, 857 F.2d 10 (1st Cir. 1988).
 
 
 6
 Iannetta now appeals the Board's rejection of this final motion to reconsider, on three grounds. First, he argues that he was denied effective assistance of counsel, in that his former counsel's failure to timely file his appeal effectively "robbed" Iannetta of the opportunity to have his appeal heard by the Board. Second, Iannetta contends that the Board committed reversible error in denying his request for reconsideration based upon his ineffective assistance of counsel claim. Finally, Iannetta argues that the Board erred in relying on Matter of Lozada, 19 I & N Dec. 637 (BIA 1988), aff'd, 857 F.2d 10 (1st Cir. 1988), in denying his motion for reconsideration.
 
 ANALYSIS
 A. Ineffective Assistance of Counsel
 
 7
 We have held that because deportation hearings are civil, rather than criminal, aliens have no constitutional right to counsel under the Sixth Amendment in these proceedings. Lozada, 857 F.2d at 13 (citations omitted). An alien is, however, entitled to a fair hearing under the due process clause of the Fifth Amendment, and ineffective assistance of counsel may under certain circumstances give rise to a due process violation. Id. The standard for such violations is high, however; we have held that ineffective assistance of counsel in a deportation proceeding is a denial of due process only if the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case. Id. (quoting Ram irez-Durazo v. INS, 794 F.2d 491, 499-500 (9th Cir. 1986) (other citations omitted).
 
 
 8
 Iannetta argues on appeal that his right to due process was violated by his former counsel's failure to timely file his appeal of the IJ's deportation decision, as it "effectively robbed" Iannetta of the opportunity to have his appeal heard on the merits. Iannetta relies heavily on Casta neda-Su arez v. INS, 993 F.2d 142 (7th Cir. 1993), in which the untimely filing of a Sec. 212(c) relief from deportation application was found to constitute ineffective assistance of counsel. Casta neda, however, is inapposite and therefore unpersuasive here. In Casta neda, the actions of the petitioner's counsel completely deprived the alien of any opportunity whatsoever to seek discretionary relief under Sec. 212(c), either before the IJ or the Board. Casta neda, 993 F.2d at 144-45. This holding is consistent with precedent in this circuit to the effect that ineffective assistance of counsel may constitute a due process violation if "the alien was prevented from reasonably presenting his case." Lozada, 857 F.2d at 13-14.
 
 
 9
 In the instant case, on the other hand, Iannetta was given a full and fair opportunity to present his case for Sec. 212(c) discretionary relief before the IJ. He therefore had one fair hearing, and his counsel's actions were not a complete or even partial deprivation of Iannetta's reasonable opportunity to request Sec. 212(c) relief, as was the case in Casta neda.
 
 
 10
 Furthermore, Iannetta had no constitutional right of review of the IJ's decision beyond what was provided, and one of the reasonable procedural conditions of such review was the timely filing of an appeal. Iannetta attempts to argue here that an alien should be allowed to avoid the adverse consequences of noncompliance with this condition by simply failing to timely file and then claiming ineffective assistance of counsel. We agree with the INS that such a loophole would effectively eviscerate the timeliness requirement and render the law void.
 
 
 11
 Nor are we willing to accept Iannetta's contention that the failure of his counsel to file a timely appeal is, by itself, ineffective assistance of counsel rising to the level of a due process violation. We have warned that absent "egregious circumstances," litigants are generally bound by their attorneys' conduct, and it is not necessarily egregious for counsel's actions to be the basis for denying the client discretionary relief. LeBlanc v. INS, 715 F.2d 685, 694 (1st Cir. 1983) (citations omitted). Indeed, Iannetta has failed to argue with any specificity how his counsel's failure to file a timely appeal was so egregious as to violate due process; he merely sets forth what arguments he would make to the Board if his appeal were heard on its merits-specifically, that the IJ incorrectly balanced the equities of his case.[2] This is simply insufficient to establish a violation of due process, and we therefore reject Iannetta's ineffective assistance of counsel claim.
 
 
 12
 B. The Board's Denial of his Motion to Reconsider
 
 
 13
 The Board's authority to grant or deny a motion to reopen or reconsider deportation proceedings is discretionary. INS v. Jong Ha Wang, 450 U.S. 139, 144 n.5 (1981). Accordingly, we review the Board's decisions regarding such motions under an abuse of discretion standard, reversing if the Board's actions were arbitrary or capricious. INS v. Doherty, __ U.S. __, 112 S. Ct. 719, 724-25 (1992); Gebremichael v. INS, 10 F.3d 28, 34 n.17 (1st Cir. 1993); LeBlanc, 715 F.2d at 692-93.
 
 
 14
 Although Iannetta argues vehemently that the Board abused its discretion in denying his motions to reconsider, his argument seems to rest primarily on the fact that the Board did not reach the merits of his appeal, but merely dismissed the motion on the ground that his appeal was not timely filed. Our reading of the Board's May 21, 1993 decision, however, reveals no abuse of discretion. On the contrary, the Board clearly and with particularity set forth its standard for reviewing a motion to reconsider, carefully expounded the evidence before it, and found that Iannetta had failed to meet his evidentiary burden. Nothing in the Board's decision suggests undue haste, caprice, or unfairness; the decision is well-reasoned and the result well within the Board's discretion. We therefore find that the Board did not abuse its discretion in denying Iannetta's motions to reconsider.
 
 C. The Board's Reliance on Matter of Lozada
 
 15
 Finally, Iannetta contends that the Board erroneously relied on Matter of Lozada in its decision to deny Iannetta's motion for reconsideration. This argument essentially rests on his attempt to distinguish Lozada, stating that it involved a motion for reopen, rather than a motion for reconsideration. We find this distinction meaningless in this context, and Iannetta's argument completely meritless. As we stated above, the Board's denial of Iannetta's motion to reconsider was well-grounded in both the applicable facts and the law. Even if the Board had relied on the wrong legal standard, the record shows that Iannetta's motion was untimely filed. Therefore, the Board was justified in denying his motion. As we have further stated, even if the Board had reconsidered Iannetta's case, it is extremely unlikely given his twenty convictions that he would prevail on appeal. In short, even assuming arguendo that there was some error in the Board's reliance on Lozada, we simply do not see any prejudice or harm resulting from it. Accordingly, we reject Iannetta's arguments.
 
 CONCLUSION
 
 16
 For the foregoing reasons, we dismiss Iannetta's petition for review, and affirm the Board's denial of Iannetta's motions and its entry of Iannetta's order of deportation.
 
 
 
 [1]
 Section 212(c) of the Act grants the Attorney General discretion to admit or suspend deportation of a permanent resident who has resided in the United States for at least seven year. 8 U.S.C. Sec. 1182(c) (1988)
 
 
 [2]
 We note that, had the Board heard Iannetta's appeal on the merits, it is extremely unlikely that he would have prevailed. He admitted to twenty convictions for a variety of offenses, including assault with a deadly weapon, passing bad checks, banking law violations, and driving with a suspended license. In his hearing before the IJ, he did not demonstrate any signs of remorse or acknowledgment of culpability. Rather, his explanations amounted to little more than a denial of culpability. He attempted to minimize the seriousness of his assault convictions by explaining that they were "only" domestic disputes, and not attacks on strangers. In light of this record, it seems rather clear that the IJ's balancing of the equities and rejection of Iannetta's Sec. 212(c) relief claim was well-founded, reasonable, and squarely within the bounds of discretion. Therefore, even if he was denied effective assistance of counsel, it is extremely dubious that he would be able to show that he was actually prejudiced