**Juan Ramon SOL, Petitioner–
Appellant,**

v.

**IMMIGRATION AND NATURAL-
IZATION SERVICE, Respon-
dent–Appellee.**

**No. 00–2625.**

United States Court of Appeals,
Second Circuit.

Submitted: Aug. 28, 2001.

Decided: Dec. 7, 2001.

Juan Ramon Sol, pro se, Ossining, NY, for Petitioner–Appellant.

Meredith E. Kotler, Assistant United States Attorney (Mary Jo White, United States Attorney for the Southern District of New York; Gideon A. Schor, Assistant United States Attorney, on the brief), New York, NY, for Respondent–Appellee.

Before MESKILL, WINTER, and STRAUB, Circuit Judges.

PER CURIAM.

Juan Ramon Sol, *pro se*, appeals from a judgment of the United States District Court for the Southern District of New York (Robert P. Patterson, Jr., *Judge*) denying him relief under 28 U.S.C. § 2241 on the ground that the Court lacked subject matter jurisdiction over the petition. This appeal raises the question of whether, after the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104–208, Div. C, 110 Stat. 3009–546 ("IIRIRA"), a federal court reviewing a habeas petition has subject matter jurisdiction over a claim challenging a determination by the Immigration Judge and the Board of Immigration Appeals that is discretionary, rather than statutory or constitutional. We hold that federal jurisdiction does not encompass such claims, and therefore we affirm the District Court's judgment.

## BACKGROUND

Sol, a native of El Salvador, was admitted to the United States in 1972 as a nonimmigrant visitor. In 1980, the Immigration and Naturalization Service approved Sol's application to become a lawful permanent resident. Since his arrival in the United States, Sol has had several criminal convictions, including a June 1991 conviction for possession of a controlled substance.

In September 1994, the INS began deportation proceedings against Sol, asserting that his 1991 controlled substance conviction rendered him subject to deportation as an alien convicted of a controlled substance offense and as an alien convicted of an aggravated felony. *See* 8 U.S.C. § 1251(a)(2)(A)(iii), (B)(i) (1994).[1] Following a hearing at which the Immigration Judge ("IJ") heard testimony from Sol and other witnesses and considered Sol's record of criminal convictions, the IJ found Sol deportable under Section 241(a)(2)(B)(i) of the Immigration and Nationality Act ("INA").[2] Sol also had sought a waiver of deportation pursuant to Section 212(c) of the INA,[3] but the IJ denied that application.

---

1. In 1996, these sections were transferred to 8 U.S.C. § 1227(a)(2)(A)(iii), (B)(i).

2. Now codified at 8 U.S.C. § 1227(a)(2)(B)(i).

3. Under Section 212(c) of the INA, the Attorney General had broad discretion to waive the deportation of any criminal alien who demon-

Sol appealed the IJ's decision to the Board of Immigration Appeals ("BIA"), arguing, *inter alia*, that the IJ's denial was not adequately supported by the record. In July 1997, the BIA affirmed the IJ's decision and dismissed Sol's appeal, finding him statutorily ineligible for a waiver of deportation. In August 1997, Sol filed a habeas petition pursuant to 28 U.S.C. § 2254 in the District Court challenging the BIA's decision. Pursuant to a stipulation and order approved by and filed in the District Court, the July 1997 decision of the BIA was vacated and remanded for further proceedings in accordance with our decision in *Henderson v. I.N.S.*, 157 F.3d 106, 130 (2d Cir.1998) (holding, *inter alia*, that the statutory limitation of the availability of § 212(c) waivers "does not apply retroactively to aliens whose deportation or exclusion proceedings were pending on the date of its enactment"), *cert. denied sub nom. Reno v. Navas*, 526 U.S. 1004, 119 S.Ct. 1141, 143 L.Ed.2d 209 (1999). In January 2000, on remand, the BIA reviewed the merits of Sol's appeal and affirmed the IJ's decision.

 In March 2000, Sol renewed his § 2254 petition in the District Court, claiming, *inter alia*, that the BIA had abused its discretion in denying him a waiver of deportation. The District Court construed Sol's petition as filed pursuant to 28 U.S.C. § 2241.[4] In denying the petition, the District Court held that because Sol challenged discretionary determinations by the IJ and the BIA, the Court lacked subject matter jurisdiction to review the petition. The District Court also

found that even if it had jurisdiction, Sol had failed to establish an abuse of discretion by the IJ or the BIA. Sol filed a timely notice of appeal. On appeal, Sol argues that the District Court had subject matter jurisdiction over his petition and that the District Court erroneously concluded that the IJ and the BIA had not abused their discretion.

## DISCUSSION

We review questions of subject matter jurisdiction *de novo*. *See, e.g., United States v. White*, 237 F.3d 170, 172 (2d Cir.2001).

The Illegal Immigration Reform and Immigrant Responsibility Act sets forth "transitional" rules that by their terms apply to cases, like Sol's, where the INS began removal proceedings prior to April 1, 1997, and a resulting deportation order became final after October 30, 1996. *See* IIRIRA § 309(c)(1), (4), 110 Stat. at 3009–625 to 626. The transitional rules provide that "there shall be no appeal permitted in the case of an alien who is ... deportable by reason of having committed a criminal offense covered in ... section 241(a)(2)(A)(iii), (B), (C), or (D) of the Immigration and Nationality Act." *Id.* § 309(c)(4)(G), 110 Stat. at 3009–626. The enumerated criminal offenses include any "aggravated felony" and any "violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance ... other than a single offense involving possession for one's own use of 30 grams or less of marijuana."

---

strated that he or she had maintained a lawful domicile in the United States for at least seven years and who had not been convicted of an "aggravated felony" for which he or she served a term of imprisonment of five years or longer. *See* 8 U.S.C. § 1182(c) (1994). In September 1996, IIRIRA repealed this authority. *See* IIRIRA § 304(b), 110 Stat. 3009–597.

**4.** The District Court properly treated Sol's habeas petition as filed pursuant to 28 U.S.C. § 2241, because Sol's challenge was to the deportation proceedings initiated as a result of his state conviction, not the constitutionality of that underlying conviction.

8 U.S.C. § 1227(a)(2)(A)(iii), (B)(i). Sol's conviction in July 1991 for cocaine possession is a controlled substance offense within the scope of the statute. Therefore, the statutory language would appear to foreclose any appeal by Sol of the order of deportation entered against him.

Nevertheless, the Supreme Court recently held that "habeas jurisdiction under § 2241 was not repealed by [the Antiterrorism and Effective Death Penalty Act of 1996] and IIRIRA." *I.N.S. v. St. Cyr,* 533 U.S. 289, 121 S.Ct. 2271, 2287, 150 L.Ed.2d 347 (2001); *see also Jean–Baptiste v. Reno,* 144 F.3d 212, 220 (2d Cir.1998) (holding that habeas review pursuant to § 2241 survives IIRIRA). The precise scope of such jurisdiction remains unclear. We have held that federal courts retain jurisdiction to review "purely legal statutory and constitutional claims." *Calcano–Martinez v. I.N.S.,* 232 F.3d 328, 342 (2d Cir.2000), *aff'd,* 533 U.S. 348, 121 S.Ct. 2268, 150 L.Ed.2d 392 (2001); *see also Henderson,* 157 F.3d at 122. However, we have not yet decided whether federal courts have jurisdiction to review discretionary challenges to deportation orders. That question also was left open by the Supreme Court's affirmance of *Calcano–Martinez,* 121 S.Ct. 2268, and its decision in *St. Cyr,* 121 S.Ct. 2271.

A petition for habeas corpus may be used to challenge incarceration or orders of deportation as being "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Sol, however, does not raise a statutory or constitutional claim. He simply contends that the decisions of the IJ and the BIA lacked adequate support in the record. While review of purely legal issues does not necessitate reconsideration of "the agency's factual findings or the Attorney General's exercise of her discretion," review of the merits of Sol's petition would involve precisely such reassessment of the

evidence. *Henderson,* 157 F.3d at 120 n. 10 (citing *Goncalves v. Reno,* 144 F.3d 110, 125 (1st Cir.1998), *cert. denied,* 526 U.S. 1004, 119 S.Ct. 1140, 143 L.Ed.2d 208 (1999)). This sort of fact-intensive review is vastly different from what the habeas statute plainly provides: review for statutory or constitutional errors.

■ Other circuit courts to address this jurisdictional issue have indicated that federal jurisdiction over § 2241 petitions does not extend to review of factual or discretionary determinations. *See Finlay v. I.N.S.,* 210 F.3d 556, 557 (5th Cir.2000) ("The denial of discretionary relief does not rise to the level of a constitutional violation" in habeas review); *Bowrin v. U.S. I.N.S.,* 194 F.3d 483, 490 (4th Cir. 1999) ("Only questions of pure law will be considered on § 2241 habeas review. Review of factual or discretionary issues is prohibited."); *Catney v. I.N.S.,* 178 F.3d 190, 195 (3d Cir.1999) ("[F]ollowing passage of AEDPA and IIRIRA, we no longer have jurisdiction to review a denial of discretionary relief to a criminal alien."). We now join our sister circuits in holding that federal jurisdiction over § 2241 petitions does not extend to review of discretionary determinations by the IJ and the BIA. We therefore agree with the District Court that it lacked jurisdiction over Sol's petition.

## CONCLUSION

Sol's claim that the IJ and the BIA abused their discretion by denying him a waiver of deportation does not raise a statutory or constitutional question, but instead challenges a discretionary determinations by the IJ and the BIA. Because we hold that federal courts do not have jurisdiction to review such claims when raised in a habeas petition pursuant to 28 U.S.C. § 2241, we AFFIRM the judgment

of the District Court denying Sol's petition for lack of subject matter jurisdiction.