Alejandro MANZUETA, Petitioner,

v.

John ASHCROFT, Attorney General,[1]
INS et al., Respondents.

No. 99–CV–6232 CJS.

United States District Court,
W.D. New York.

March 29, 2002.

Alejando Manzueta, Bronx, NY, pro se.

James W. Grable, Sp. Asst. U.S. Attorney, Immigration & Naturalization Service, Buffalo, NY, for Janet Reno, Doris Meissner, William M. Cleary, Immigration & Naturalization Service.

## DECISION AND ORDER

SIRAGUSA, District Judge.

Now before the Court are petitioner's petition for a writ of habeas corpus [# 1], pursuant to 28 U.S.C. § 2241, and respondents' motion to dismiss [# 6]. For the reasons that follow, respondents' motion to dismiss is granted, and the petition is dismissed.

## BACKGROUND

The facts of this case are not in dispute. This is an action seeking a writ of habeas corpus in connection with a final removal order issued by the U.S. Immigration and Naturalization Service ("INS"). Petitioner is a native and citizen of the Dominican Republic, who, since on or about March 8, 1981, was a lawful permanent resident of the United States. On January 20, 1998,

1. John Ashcroft became the United States Attorney General, effective February 2001, to succeed Janet Reno. Under Fed.R.Civ.P 25(d)(1), Ashcroft is automatically substituted as a defendant in this action.

petitioner pled guilty to Criminal Sale of a Controlled Substance (cocaine) in the Third Degree, and on January 27, 1998, he pled guilty to Attempted Criminal Possession of a Controlled Substance (cocaine) in the Third Degree, both times in New York State Supreme Court, County of New York. On or about March 26, 1998, as a result of these convictions, the INS commenced removal proceedings against petitioner, pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii), for conviction of an aggravated felony, and 8 U.S.C. § 1227(a)(2)(B)(i), for conviction of a controlled substance violation. On June 11, 1998, petitioner appeared, along with his counsel, at a hearing before an Immigration Judge ("IJ"). At the hearing, petitioner conceded that he was removable, for the reasons charged, however, he sought relief from removal pursuant to Section 212(c) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1182(c): "Judge, at this time I'd like to reserve the respondent's right. We're going to be requesting a 212(c) relief [sic]." (Transcript of hearing, pp. 7–8). However, the IJ denied petitioner's request, noting that, "there is no 212(c) any more." (*Id.*). The IJ further advised petitioner that he was not available for any other type of relief from removal. (*Id.*, pp. 9–10). Accordingly, the IJ ordered that petitioner be removed from the United States and returned to the Dominican Republic.

Petitioner, still represented by counsel, appealed to the Board of Immigration Appeals ("BIA"), still claiming to be entitled to relief under INA § 212(c), notwithstanding the fact that section had been repealed, effective September 30, 1996. (*See*, Petitioner's Brief before the BIA, attached to Respondent's Answer and Return [# 3] ). By Order dated April 6, 1999, the BIA dismissed the appeal, noting that, pursuant to Section 304(b) of the Illegal Immigration Reform and Immi-

grant Responsibility Act of 1996 (IIRIRA), a 212(c) waiver "is not a form of relief that is available. *See*, section 304(b) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub.L. No. 104–208, 110 Stat. 3009 ('IIRIRA') [repealing 8 U.S.C. § 1182(c) ]."

Petitioner filed the subject petition for writ of habeas corpus on June 3, 1999, raising the following issue: "[W]hether the [Board of Immigration Appeals] erred in finding the plaintiff statutorily ineligible for § 212(c) relief." (Petitioner's Memo of Law [# 5], p. 5). Respondents contend that the petition should be dismissed on two grounds. First, they indicate that petitioner is ineligible for 212(c) relief, section 212(c) was repealed in 1996. Second, they indicate that petitioner is also not able to seek cancellation of removal, pursuant to 8 U.S.C. § 1229b, since he is convicted of an aggravated felony. On October 25, 1999, petitioner was released from INS custody upon a $15,000 surety bond.

The Court has thoroughly considered the parties' submissions and the entire administrative record.

## ANALYSIS

■ It is well settled that "[a] petition for habeas corpus may be used to challenge incarceration or orders of deportation as being 'in violation of the Constitution or laws or treaties of the United States.'" *Sol v. I.N.S.*, 274 F.3d 648, 651 (2d Cir.2001) (citing 28 U.S.C. § 2241(c)(3)), *pet. for cert. filed*, (Feb. 5, 2002) (No. 01–8465). The Court has subject matter jurisdiction over the matters raised herein. *See*, *I.N.S. v. St. Cyr*, 533 U.S. 289, 121 S.Ct. 2271, 2287, 150 L.Ed.2d 347 (2001).

## INA § 212(c), 8 U.S.C. § 1182(c)

■ At the outset, the Court finds that petitioner's Section 212(c) claim was prop-

erly denied. IIRIRA § 304(b), which took effect on September 30, 1996, repealed Section 212(c). Nor is this a case involving retroactivity, since plaintiff pled guilty to the crimes long after the repeal of § 212(c). Accordingly, petitioner's request pursuant to 212(c) was properly denied.

## INA § 240A(a), 8 U.S.C. § 1229b(a)

Although Section 212(c) had been repealed at the time of petitioner's hearing, there did exist at that time another form of relief, know as cancellation of removal. *See, St. Cyr v. I.N.S.*, 229 F.3d 406, 421 (2d Cir.2000), *affirmed*, 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001) ("[C]ancellation of removal [pursuant to 8 U.S.C. § 1229b] ... applies to all aliens with convictions pre-dating IIRIRA *and to all guilty pleas entered by aliens to deportable crimes after it took effect.*") (emphasis added). In *St. Cyr*, the Second Circuit Court of Appeals noted that

> [t]he permanent provisions of IIRIRA ... repeal INA § 212(c) altogether and consolidate prior "suspension of deportation" relief and aspects of former § 212(c) relief into an entirely new form of relief. See 8 U.S.C. § 1229b(a)(3) (1999). Section 304(a) of IIRIRA, entitled "Cancellation of removal for certain permanent residents," found at INA § 240A, provides: The Attorney General may cancel removal in the case of an alien who is inadmissible or deportable from the United States if the alien—(1) has been an alien lawfully admitted for permanent residence for not less than 5 years, (2) has resided in the United States continuously for 7 years after having been admitted in any status, and (3) has not been convicted of any aggravated felony. 8 U.S.C. § 1229b(a) (1999).

*St. Cyr*, 229 F.3d at 411–12.

■ The only issue to be resolved, then, is whether or not either of petitioner's convictions constitute an aggravated felony, within the meaning of 8 U.S.C. § 1229(b), which would disqualify him from eligibility under Section 1229b. The term "aggravated felony" is defined at 8 U.S.C. § 1101(43)(B) to include "illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18)." 18 U.S.C. § 924(c)(2) defines a "drug trafficking crime" as "any felony punishable under the Controlled Substances Act (21 U.S.C. § 801 *et seq.*), the Controlled Substances Import Act (21 U.S.C. § 951 *et seq.*), or the Maritime Drug Law Enforcement Act (46 U.S.C.App. § 1901 *et seq.*)." Petitioner's conviction for selling cocaine, in violation of New York Penal Law § 220.39, Criminal Sale of a Controlled Substance in the Third Degree, constitutes a drug trafficking crime with the meaning of 18 U.S.C. § 924(c). *See, Gutierrez v. Reno*, No. 99 CIV. 11036 RWS, 2000 WL 1643585 at *4 (S.D.N.Y. Nov.1, 2000) ("[Petitioner's] guilty plea to selling narcotics [in violation of New York Penal Law § 220.39] clearly qualifies as an 'aggravated felony' under this standard."). Accordingly, the Court finds that petitioner is ineligible for cancellation of removal under 8 U.S.C. § 1229b. Nor has he otherwise shown that he is entitled to relief from deportation.

## CONCLUSION

Therefore, for the reasons stated above, respondents' motion to dismiss is granted, and the petition is dismissed. The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962). Further, requests to

proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

IT IS SO ORDERED.