**Carlos De Los Santos MATOS–PERALTA, Petitioner–Appellant,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Defendant–Appellee.**

No. 02–2643.

United States Court of Appeals, Second Circuit.

April 17, 2003.

Carlos De Los Santos Matos–Peralta, New York, NY, for Appellant, pro se.

Michael R. Holden, Assistant United States Attorney, New York, N.Y. (James B. Comey, United States Attorney for the Southern District of New York, Kathy S. Marks, Gideon A. Schor, Assistant United States Attorneys, on the brief), for Appellee.

PRESENT: JACOBS, STRAUB, Circuit Judges, and WOOD, District

allowed to draw on the letter of credit.

Judge.*

## SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 17th day of April, two thousand and three.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be AFFIRMED.

Carlos De Los Santos Matos–Peralta ("Matos") appeals from the denial of his petition for a writ of habeas corpus by the United States District Court for the Southern District of New York (Lynch, *J.*). According to Matos, he is entitled to relief from deportation under former § 212(c) of the Immigration and Nationality Act, codified as 8 U.S.C. § 1182(c) (1994) (repealed 1996).

Matos's habeas petition, filed pursuant to 28 U.S.C. § 2241, challenges the October 18, 2001 decision of the Board of Immigration Appeals ("BIA"), affirming (without opinion) the Immigration Judge's ("IJ") earlier ruling denying Matos's motion to reopen deportation proceedings. [A221] However, "federal jurisdiction over § 2241 petitions does not extend to review of discretionary determinations by the IJ and the BIA," *Sol v. INS,* 274 F.3d 648, 651 (2d Cir.2001); *see also Calcano–Martinez v. INS,* 232 F.3d 328, 342 (2d Cir. 2000) (stating that "purely legal statutory and constitutional claims are within § 2241's scope"), and a decision whether to reopen deportation proceedings on grounds of "exceptional circumstances" is a discretionary determination, *see INS v. Doherty,* 502 U.S. 314, 323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992); *Mardones v. McElroy,* 197 F.3d 619, 624 (1999).

In his reply brief, Matos alleges that his counsel was constitutionally ineffective for failing to file a motion to reopen, and that he should not be held accountable for this mistake. While we might overlook Matos' failure to raise this claim in his principal brief (because he is acting *pro se*), this claim was not raised before the District Court or the BIA, and we will not consider it for the first time on appeal.

We affirm the district court's ruling that it lacked jurisdiction to consider Matos's claims pursuant to 28 U.S.C. § 2241. *See Carlos De Los Santos Matos–Peralta v. INS,* 01 Civ. 11624(GEL), at *4 (S.D.N.Y. July 26, 2002).

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.

* The Honorable Kimba M. Wood, District Judge of the United States District Court for the Southern District of New York, sitting by designation.