**Imran Rashid AKHTAR Petitioner,**

v.

**John ASHCROFT, Attorney General of the United States; Edward McElroy, New York District Director for the Bureau of Immigration & Customs Enforcement; Charles Mule, Facility Director of the Federal Detention Center, Batavia, New York; Michael McLaughlin, District Director for the Buffalo District, Bureau of Immigration & Customs Enforcement, Respondents.**

No. 03 Civ.3828 VM.

United States District Court,
S.D. New York.

June 18, 2003.

---

**10.** *E.g.,* 14C Charles Alan Wright et al., *supra* § 3725, at 98–99.

**11.** 14 F.3d 781, 785 (2d Cir.1994).

Jorge D. Guttlein, Aranda & Guttlein, New York City, for petitioner.

## DECISION AND ORDER

MARRERO, District Judge.

Petitioner Imran Rashid Akhtar ("Akhtar") filed an application for an Order to Show Cause, dated May 30, 2003 (the "Application"), seeking to stay his deportation pending a final decision by the Board of Immigration Appeals (the "BIA") on the merits of his request for deferral of removal. The Application is related to a habeas petition filed with this Court on May 28, 2003 (the "Petition"), seeking to reopen Akhtar's deportation proceedings and defer his deportation pursuant to the Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment[1] (hereinafter the "Convention"). The Government opposes the Application and Petition. A hearing on the matter was held before the Court on June 10, 2003 (the "Hearing"). Based on the record of the Hearing and a subsequent letter memorandum, dated June 13, 2003, submitted on behalf of Akhtar, and for the reasons set forth below, both the Application and the Petition are DENIED.

**1.** *See* 23 I.L.M. 1027 (1984), as modified, 24 I.L.M. 535 (1985), entered into force June 26,

## I. *PROCEDURAL HISTORY*

Akhtar initially appeared before this Court with a habeas petition challenging a January 2000 decision of the BIA affirming the September 1999 decision of an Immigration Judge denying Akhtar's request for deferral of removal under the Convention and ordering him deported to Pakistan. In a Decision and Order dated December 4, 2000, the Court denied the habeas petition (the "Decision"). Akhtar appealed the Decision to the Court of Appeals for the Second Circuit (the "Appeal"), but then withdrew the Appeal with leave to later reinstate it in order to pursue a motion to reopen his deportation proceedings before the BIA (the "Motion").

The Motion was denied by the BIA on July 30, 2002 (the "Denial"), and Akhtar then proceeded to reinstate the Appeal. However, he subsequently decided to seek this Court's review of the Denial. By a Stipulation and Order filed in the Second Circuit, dated March 26, 2003 (the "Stipulation"), Ahktar agreed to withdraw the Appeal with leave to later reinstate it and to file a habeas petition by April 11, 2003 seeking review of the Denial. The Petition was eventually filed on May 28, 2003, several weeks later than the stipulated date.

## II. *DISCUSSION*

In the Petition, Akhtar asserts that (1) he has standing to make a claim under the Convention, (2) he is eligible for deferral of removal pursuant to the Convention, insofar as the wrong standard was used by the BIA to evaluate his claim for relief, and (3) the BIA failed to remand his case to the Immigration Court to evaluate changed country conditions.

1987, ratified by the United States effective Oct. 21, 1994, 34 I.L.M. 590 (1995).

The Government raises several grounds for opposition. First, the Government notes that Akhtar filed the Petition well beyond the April 11, 2003 stipulated deadline agreed upon in the Stipulation. Second, the Government asserts that the Stipulation only permitted Akhtar to file a habeas petition to review the Denial, and that the Petition does not address the Denial, but instead challenges the Immigration Court's September 1999 decision denying Akhtar deferral of removal under the Convention. Finally, the Government contends that Akhtar cannot show a substantial possibility of success on the merits of the Petition because: (1) the Court does not have jurisdiction to review discretionary determinations on a habeas petition, (2) even if the Court had such discretion, the BIA acted in its discretion in denying Akhtar's motion to reopen, and (3) the injury to the Government and the public interest weigh against granting a stay of deportation to Akhtar due to his abuse of the judicial process to delay his deportation.

■ The Supreme Court has held that there are "at least" three independent grounds on which the BIA might deny a motion to reopen deportation proceedings: (1) failure to establish a prima facie case for the relief sought, (2) failure to introduce previously unavailable, material evidence, and (3) a determination that even if these requirements were satisfied, the movant would not be entitled to the discretionary grant of relief which he sought. *See I.N.S. v. Doherty*, 502 U.S. 314, 323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992). On a habeas petition, a district court does not have jurisdiction to review such discretionary denials of a motion to reopen. *See Sol v. INS*, 274 F.3d 648, 651 (2d Cir.2001). In cases where such jurisdiction exists, the standard of review is abuse of discretion. *See Abreu–Lopez v. Ashcroft*, No. 02 Civ.

6651, 2002 WL 31251011, at *6 (S.D.N.Y. 2002).

■ In the instant case, the BIA denied the Motion because Akhtar did not establish that it was more likely than not that he would be tortured by, or that his being tortured would be approved by, the Pakistani government upon his removal to Pakistan, and therefore he failed to establish a prima facie case for relief. The BIA's decision was thus a discretionary one based on the BIA's assessment of the facts at hand, and did not concern a purely legal question, as was the case in two Second Circuit opinions cited by Akhtar in support of his argument that the Court has jurisdiction over this matter: *Calcano–Martinez v. INS*, 232 F.3d 328 (2d Cir.2000) and *St. Cyr v. INS*, 229 F.3d 406 (2d Cir.2000). In both of those matters, the Second Circuit found that it had jurisdiction because the petitioner raised a purely legal claim. *See Calcano–Martinez*, 232 F.3d at 342 (holding that petitioner's claim that Congressional statute does not apply to bar the availability of § 212(c) relief for convictions that occurred prior to its enactment is a legal claim and therefore reviewable); *St. Cyr*, 229 F.3d at 408 (holding that petitioner's claims raise legal questions of reviewability and retroactivity under amendments to Congressional statute and are therefore reviewable). In the case at bar, Akhtar raises no legal questions, but instead challenges the BIA's reading of the record of his deportation proceedings. Since the Second Circuit has ruled that "federal jurisdiction over § 2241 petitions does not extend to review of discretionary determinations by the IJ and the BIA," *Sol*, 274 F.3d at 651, this Court lacks jurisdiction to review the Petition.

Even if this Court did have such jurisdiction, the Court would have to take into account the fact that Akhtar missed the deadline to file the Petition, as outlined in

the Stipulation, by almost two months, and offered no reason in his briefing papers or persuasive explanation at the Hearing for such behavior. In addition, nothing on the record compellingly indicates to this Court that the BIA abused its discretion in denying the Motion. As the Government noted at the Hearing, none of the documents submitted by Akhtar sufficiently supports a finding that the Pakistani government has engaged in torture of Christians or that it approves or has approved of such torture to the extent that it is more likely than not that Akhtar would be subject to such torture were he now deported to Pakistan. Consequently, the Court is obliged to uphold the Denial and reject the Petition.

### III. *ORDER*

For the reasons set forth above, it is hereby

**ORDERED** that Akhtar's Application to Show Cause, filed by Akhtar on May 30, 2003, is denied; and it is further

**ORDERED** that the underlying habeas petition filed by Ahktar on May 28, 2003 is dismissed.

The Clerk of Court is directed to close this case.

**SO ORDERED.**