Carlos LOPEZ, Petitioner,

v.

John ASHCROFT, Attorney General; Department of Homeland Security; Bureau of Immigration and Customs Enforcement; and Stephen Farquharson, Director of Department of Homeland Security, Bureau of Immigration and Customs Enforcement, Respondents.

No. CIV.A.03–10983–WGY.

United States District Court, D. Massachusetts.

June 23, 2003.

Abria Ashfaq, Catholic Legal Immigration Network, Inc., Boston College Immigration and Asylum Project, Newton, MA, for Carlos E. Lopez, Petitioner.

Frank Crowley, Immigration and Naturalization Service, Boston, MA, for Bureau of Immigration and Customs Enforcement (ICE), Department of Homeland Security (DHS), John Ashcroft, Steven Farquharson, Respondents.

## MEMORANDUM AND ORDER

YOUNG, Chief Judge.

## I. INTRODUCTION

Carlos Lopez ("Lopez") is a native and citizen of El Salvador. Habeas Pet. [Docket No. 1] ¶ 4. He was admitted to the United States on December 25, 1989 as a conditional resident, and his status was converted to that of an alien lawfully admitted for permanent residence on October 10, 1991. Notice to Appear (Ex. 4 to Habeas Pet.). On August 10, 1998, Lopez was convicted of receiving a stolen vehicle in violation of Massachusetts law; on March 31, 2000, he was convicted of attempt to commit unarmed robbery. *Id.*

Lopez was served with a Notice to Appear, charging that he was removable as an alien convicted of two crimes of moral turpitude not arising under a single scheme, pursuant to 8 U.S.C. § 1227(a)(2)(A)(ii). *Id.* On September 27, 2002, Lopez failed to appear at his scheduled removal hearing and he was ordered removed in absentia, pursuant to 8 U.S.C. § 1229a(b)(5)(A). Habeas Pet. ¶ 9.

On January 3, 2003, Lopez filed a motion to reopen his case with the Immigration Judge, seeking to rescind the in absentia removal order, pursuant to 8 U.S.C. § 1229a(b)(5)(C)(i), on the basis that his failure to appear resulted from "exceptional circumstances." Mot. to Reopen (Ex. 1 to Habeas Pet.) at 1. Specifically, Lopez alleged that his failure to appear was a result of Bell's Palsy, from which he was suffering on the day of his scheduled hearing. *Id.* He alleged, *inter alia,* that one side of his face was paralyzed, he could not shut one eye, and he was suffering from acute pain in his ears. *Id.* at 2. On January 3, 2003—later that same day—the Immigration Judge denied the motion to reopen. Decision of Immigration Judge (Ex. 2 to Habeas Pet.) at 3–4.

Lopez appealed the denial of the motion to reopen to the Board of Immigration Appeals (the "Board"), and the Board affirmed the denial without opinion on May 6, 2003, pursuant to the Board's summary affirmance procedures. Order of the Board (Ex. 3 to Habeas Pet.).

On May 23, 2003, Lopez filed his habeas petition with the Court. Habeas Pet. at 1. The Attorney General and the Department of Homeland Security (the "Department") now move to dismiss the petition, arguing that the Court lacks subject matter jurisdiction to entertain his claim. Mot. to Dismiss [Docket No. 2].

## II. DISCUSSION

Lopez's petition seeks review of the denial of the motion to reopen, and the Department argues that such review is impermissible under 28 U.S.C. § 2241, *et. seq.* The Supreme Court has held that the scope of habeas review is not the same as the scope of statutory judicial review in the courts of appeal. *Heikkila v. Barber,* 345 U.S. 229, 236, 73 S.Ct. 603, 97 L.Ed. 972 (1953). "Pure issue[s] of law" may be raised in habeas. *Goncalves v. Reno,* 144 F.3d 110, 113 (1st Cir.1998). As the First Circuit noted recently, however, "the entire content of that phrase has not been worked out." *Saint Fort v. Ashcroft,* 329 F.3d 191, 203 (1st Cir.2003). The Supreme

Court has stated that habeas review is appropriate for allegations that detention was "based on errors of law, including the erroneous application ... of statutes." *INS v. St. Cyr*, 533 U.S. 289, 302, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001). The First Circuit has noted that the Second Circuit, in *Wang v. Ashcroft*, 320 F.3d 130 (2d Cir.2003), "suggested that habeas jurisdiction encompasses at least the situation in which what is at stake is the BIA's application of legal principles to *undisputed facts*." *Saint Fort*, 329 F.3d at 203 (emphasis added). The First Circuit itself has not "reach[ed] that issue" yet. *Id.* It has, however, stated that if the statute in question "makes an alien eligible to be considered for a certain form of relief, he may raise on habeas the refusal of the agency to even consider him. But he may not challenge the agency's decision to exercise or not exercise its discretion to grant relief." *Id.*

■ In the instant case, Lopez seeks habeas review of the denial of his motion to reopen. The Immigration Judge ordered Lopez removed in absentia, pursuant to federal law, which states that "[a]ny alien who, after written notice ..., does not attend a proceeding under this section, shall be ordered removed in absentia if the Service establishes by clear, unequivocal, and convincing evidence that the written notice was so provided and that the alien is removable ...." 8 U.S.C. § 1229a(b)(5)(A) (2000).[1] Further, where an alien does not challenge the issue of notice, the statute states that an order of removal in absentia "*may* by rescinded only—(i) upon a motion to reopen filed within 180 days after the date of the order of removal if the alien

demonstrates that the failure to appear was because of exceptional circumstances ...." [2] § 1229a(b)(5)(C)(i) (emphasis added). The Department contends that the decision whether to rescind an order to reopen is a matter squarely within the discretion of the Immigration Judge, but Lopez argues that the issue presents a "mixed question of fact and law," falling within the ambit of habeas review. Resp. to Govt. Mot. [Docket No. 5] at 1.

Although the First Circuit has left the issue open, the Court rules that it does not retain jurisdiction over Lopez's claim. Preliminarily, Lopez does not suggest that the issue presented is a "pure issue of law," which, under *Goncalves*, would accord the Court habeas jurisdiction. Nor does he maintain that the Department refused to consider him for a certain form of statutory relief, which would confer habeas jurisdiction under the reasoning in *Saint Fort*. Interestingly, he cites another First Circuit case in which the court denied jurisdiction on a habeas petition that argued the government improperly failed to exercise prosecutorial discretion upon the initiation of removal proceedings. *Carranza v. INS*, 277 F.3d 65, 71–72 (1st Cir. 2002). In *Carranza*, the court stated that "the decision whether an alien is eligible to be considered for a particular discretionary form of relief is a statutory question separate from the discretionary component of the administrative decision whether to grant relief." *Id.* at 71. *Carranza*, however, is entirely consistent with the First Circuit's decision in *Saint Fort* because, in *Carranza*, the petitioner had no statutory right to prosecutorial discretion and,

---

**1.** Lopez does not challenge the merits of the original in absentia order, that is, he concedes that he did not attend the scheduled hearing.

**2.** The statute defines "exceptional circumstances" as "exceptional circumstances (such

as serious illness of the alien or serious illness or death of the spouse, child, or parent of the alien, but not including less compelling circumstances) beyond the control of the alien." § 1229a(e)(1).

therefore, no cognizable habeas claim. *Saint Fort* merely holds that, where a statutory or constitutional right to be considered for relief *does* exist, and an agency refuses to consider a petitioner for that relief, habeas jurisdiction attaches. In the instant case, Lopez does not contend that his motion to reopen *was not considered;* rather, he argues that the denial was improper. The question, therefore, is whether a ruling on a motion to reopen constitutes a question of law sufficient to confer jurisdiction, or is instead a matter of Departmental discretion and an inappropriate subject for habeas review.

Several reasons counsel against extending habeas jurisdiction to embrace Lopez's claim. First, under *Carranza,* a statutory right is a necessary predicate to proper habeas jurisdiction. 277 F.3d at 71. It is not clear that any statutory right existed here because the statute does not *require* that an order be rescinded if the petitioner demonstrates exceptional circumstances; rather, the statute merely states that an order *"may"* be rescinded. Such language casts doubt on the statutory "right" upon which Lopez's entire petition rests. The precatory—as opposed to mandatory—language itself further suggests that whether to rescind the order is discretionary.

Even assuming such a right exists, the First Circuit has ruled that, on statutory judicial review, it reviews the Board's denial of a motion to reopen for "abuse of discretion." *Fesseha v. Ashcroft,* 333 F.3d 13, 19 (1st Cir.2003); *Herbert v. Ashcroft,* 325 F.3d 68, 70 (1st Cir.2003). Such a standard of review strongly suggests that a decision on a motion to reopen presents a question of discretion, not one of pure law. Furthermore, in *Saint Fort,* the First Circuit recognized *Wang* as persuasive. As noted earlier, in *Wang,* the Second Circuit held that habeas jurisdiction

includes a challenge to the Board's "application of legal principles to undisputed facts." 320 F.3d at 143 (internal quotations omitted). The instant case, however, does not comprise undisputed facts.

█ The Second Circuit has also held that where review of the merits of a habeas petitioner's claim would necessitate the "reassessment of the evidence" before the Immigration Judge and the Board, habeas jurisdiction does not attach. *Sol v. INS,* 274 F.3d 648, 651 (2d Cir.2001). In *Sol,* the petitioner claimed that the Immigration Judge and the Board improperly denied him a waiver of deportation. *Id.* at 649–50. According to the Second Circuit, "[t]his sort of fact-intensive review is vastly different from what the habeas statute plainly provides: review for statutory or constitutional errors." *Id.* at 651; *see also Bowrin v. United States INS,* 194 F.3d 483, 490 (4th Cir.1999) ("Only questions of pure law will be considered on § 2241 habeas review. Review of factual or discretionary issues is prohibited."). Similarly, the instant case would require a fact-intensive review of Lopez's medical condition and how it may have prevented him from appearing at the September 27, 2002 hearing. Of course, the statute requires a legal determination of whether a petitioner suffered from "exceptional circumstances," but such a determination demands an extensive factual inquiry. Therefore, this Court rules that denial of a motion to reopen presents a matter of discretion and further rules that the Court does not possess habeas jurisdiction in this case.

█ Finally, Lopez argues generally that this case implicates due process concerns because he is "ultimately denied his day in court ...." Resp. to Govt. Mot at 16. Lopez had notice of, and the opportunity to attend, a hearing on his removability. He also had an opportunity to move to reopen his case and he took advantage of

**154**

the latter opportunity. Moreover, Lopez had the opportunity to appeal to the First Circuit the denial of the motion to reopen the decision in absentia to deport him, pursuant to statutory judicial review, as did the petitioners in *Fesseha* and *Herbert*.[3] Indeed, Lopez may well have yet "his day in court"—but not this Court.

## III. CONCLUSION

Accordingly, the Department's Motion to Dismiss [Docket No. 2] is ALLOWED.

SO ORDERED.

---

**3.** Nothing in the record before the Court indicates any procedural or other barriers to appeal.