**George PADMORE, Petitioner–Appellant,**

v.

**Janet RENO, Respondent–Appellee.**

**Docket No. 03–2174.**

United States Court of Appeals, Second Circuit.

Oct. 24, 2003.

---

746

George Padmore, Otisville Correctional Facility Otisville, New York, for Appellant, pro se.

Kathy S. Marks, Assistant United States Attorney for the Southern District of New York (Sara L. Shudofsky), for Appellee, of counsel.

PRESENT: GRAAFEILAND, B.D. PARKER, Circuit Judges, and BERMAN,* District Judge.

## SUMMARY ORDER

Petitioner-appellant George Padmore, *pro se,* appeals from a judgment of the United States District Court for the Southern District of New York (Gerald E.

---

* The Honorable Richard M. Berman, United States District Judge for the Southern District of New York, sitting by designation.

1. The District Court also held that (1) Pad-

Lynch, *Judge*) denying his 28 U.S.C. § 2241 petition challenging the denial by the Board of Immigration Appeals ("BIA") of his request for habeas relief from removal proceedings pursuant to former § 212(h) of the Immigration and Nationality Act ("INA"). 8 U.S.C. § 1182(h) (formerly 8 U.S.C. § 212(h)).

Padmore is a citizen of Barbados who entered the United States in 1975 as a lawful permanent resident. In January 1993, Padmore pleaded guilty to first-degree manslaughter and was sentenced to a term of 9 to 18 years of imprisonment. At the time of his guilty plea, § 212(h) allowed all aliens who had not been convicted of crimes involving murder or torture to apply for discretionary relief from removal based on "extreme hardship" to the alien or to a lawful permanent resident's spouse, parent, or child. *Jankowski–Burczyk v. INS,* 291 F.3d 172, 175 (2d Cir.2002).

In February 1998, the Immigration and Naturalization Service ("INS") initiated removal proceedings based on Padmore's conviction of an aggravated felony. Based on the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub.L. No. 104–208, 110 Stat. 3009–546 ("IIRIRA"), which in 1996 had amended the INA to make aliens who had been convicted of aggravated felonies ineligible for § 212(h) relief, *Jankowski–Burczyk,* 291 F.3d at 175; IIRIRA § 348(a), the BIA denied Padmore's request for a § 212(h) hearing and ordered Padmore removed to Barbados.

The District Court denied Padmore's § 2241 petition, finding that Padmore was not entitled to § 212(h) relief because Congress had clearly communicated its intent that the IIRIRA's 1996 amendment to § 212(h) be applied retroactively.[1]

---

more was not entitled to § 212(c) relief because he had been incarcerated for more than five years and thus was statutorily ineligible for such relief, and (2) § 212(h) did not vio-

Our review of § 2241 petitions in immigration cases is limited to statutory and constitutional claims. *Sol v. INS*, 274 F.3d 648, 651 (2d Cir.2001). We review *de novo* the District Court's denial of a § 2241 petition. *Kuhali v. Reno*, 266 F.3d 93, 99 (2d Cir.2001).

The determination of whether a statute applies retroactively is governed by the Supreme Court's decision in *Landgraf v. USI Film Products*, 511 U.S. 244, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994).[2] *Landgraf* instructs that, "[w]hen a case implicates a federal statute enacted after the events in suit, the court's first task is to determine whether Congress has expressly prescribed the statute's proper reach." 511 U.S. at 280. The language indicating Congress's intent to apply a statute retroactively must be clear and unambiguous. *INS v. St. Cyr*, 533 U.S. 289, 317, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001) (citing *Lindh v. Murphy*, 521 U.S. 320, 328 n. 4, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997)). Absent a clear indication of Congress's intent, the court must determine whether the statute has a retroactive effect, taking into account considerations of fair notice, reliance, and settled expectations. *Id.* at 321. If the statutory language is clear and unambiguous, however, the inquiry ends, and "there is no need to resort to judicial default rules." *Landgraf*, 511 U.S. at 280.

Congress explicitly expressed its intent to apply the IIRIRA's amendment to § 212(h) retroactively. The IIRIRA states that its amendment to § 212(h) "shall be effective on the date of the enactment of this Act and shall apply in the case

of any alien who is in exclusion or deportation proceedings as of such date unless a final administrative order in such proceedings has been entered as of such date." IIRIRA § 348(b). This language unambiguously indicates Congress's intent to apply § 212(h) to all removal cases not made final by the effective date of the amendment. *St. Cyr*, 533 U.S. at 319 & n. 43 (citing § 348(b), in *dicta*, as an example of "Congress's willingness, in [some] sections of IIRIRA, to indicate unambiguously its intention to apply specific provisions retroactively"). Indeed, the language of § 348(b) is similar to the language cited in *Landgraf* as an example of a clear statement of retroactivity. *Landgraf*, 511 U.S. at 257 n. 10 (statement that amendments "shall be applicable with respect to charges pending ... on the date of enactment of this Act and all charges filed thereafter" indicates retroactive intent).

Since the language of § 348(b) clearly expresses Congress's intent to apply the amendments to § 212(h) retroactively, this Court need not address Padmore's argument that retroactive application upsets his settled expectations because he would have been eligible for § 212(h) relief at the time of his guilty plea in 1993. *Kuhali*, 266 F.3d at 111.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.

---

late the Equal Protection Clause. We need not review these conclusions, because Padmore has not raised them on appeal. *LoSacco v. Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995).

**2.** Padmore raised before the BIA only an equal protection challenge to the application

of the post-IIRIRA § 212(h) to his case. We need not address whether this was sufficient to exhaust his current retroactivity challenge, because his argument fails on the merits. *Drax v. Reno*, 338 F.3d 98, 110 n. 17 (2d Cir.2003) ("We have previously considered the merits of unexhausted immigration claims where we believed it important to do so.").