**Nardai MANGRU, Seodat Mangru, Petitioners–Appellants,**

v.

**John ASHCROFT, Respondent–Appellee.**

**No. 03–2125.**

United States Court of Appeals, Second Circuit.

Jan. 14, 2004.

Roberto Tschudin Lucheme, Glastonbury, CT, for Appellants.

Kathy Marks, Assistant U.S. Attorney, S.D.N.Y. (James B. Comey, U.S. Attorney and Meredith E. Kotler, Assistant U.S. Attorney, on brief), for Appellee.

Present: WINTER, JACOBS, and STRAUB, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED** that the judgment of the district court be **AFFIRMED.**

Petitioners Seodat and Nardai Mangru appeal from a judgment of the United States District Court for the Southern District of New York (Kaplan, *J.*), entered on

February 14, 2003, denying their petition for a writ of habeas corpus. Familiarity is assumed as to the facts, the procedural context, and the specification of appellate issues.

An alien facing deportation may only seek a writ of habeas corpus to remedy constitutional or statutory error in the removal process. *See* 18 U.S.C. § 2241(c)(3). Petitions that seek "review of discretionary determinations by the IJ and the BIA" lie outside the scope of § 2241 and are not accorded federal jurisdiction. *Sol v. INS,* 274 F.3d 648, 651 (2d Cir.2001). The Mangrus seek review of the IJ's denial of their motion for change of venue, which is an inherently discretionary determination. *See Romero–Morales v. INS,* 25 F.3d 125, 130 (2d Cir.1994). As such, the district court lacks jurisdiction to review this judgment.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**