**Rasaq Opeyemi SANUSI, Petitioner–Appellant,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent–Appellee.**

No. 03–2566.

United States Court of Appeals, Second Circuit.

June 14, 2004.

---

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED, but the case is REMANDED to afford the petitioner an opportunity to re-plead his conditions of confinement claim.

Rasaq Opeyemi Sanusi, Wackenhut Detention Facility, Jamaica, New York (on submission), for Petitioner–Appellant.

Varuni Nelson, Assistant United States Attorney, for Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York (Steven J. Kim, Assistant United States Attorney, Dione M. Enea, Special Assistant United States Attorney), (on submission), for Respondant–Appellee, of counsel.

PRESENT: CALABRESI, WESLEY, Circuit Judges, and SCULLIN, District Judge.[1]

SUMMARY ORDER

Petitioner–Appellant Rasaq Opeyemi Sanusi, a citizen of Nigeria, arrived in the

---

1. The Honorable Frederick J. Scullin, Jr., Chief Judge of the United States District Court for the Northern District of New York, sitting by designation.

United States on October 16, 1997, at John F. Kennedy Airport in New York. He presented a U.K. passport that he later admitted was not his own, and was denied admission. Because he was found to have established a credible fear that he would be persecuted or harmed if he returned to Nigeria, he was referred to Immigration Court. His asylum claim was denied and he waived his right to appeal. A final order of deportation issued, and Sanusi filed for relief under the Convention Against Torture and Other Forms of Cruel, Inhuman or Degrading Treatment or Punishment, adopted Dec. 10, 1984, S. Treaty Doc. 100–20 (1988), 1465 U.N.T.S. 85 (1984). That too was denied, and Sanusi's appeal will soon be heard by another panel of this Court.

Pending the final resolution of that appeal, Sanusi continues to be detained at the Wackenhut Correctional Facility in Queens, New York. His request for parole was denied and, acting *pro se*, he challenged that denial by filing this suit, which seeks a writ of habeas corpus in the United States District Court for the Eastern District of New York (Johnson, *J.*) pursuant to 28 U.S.C. § 2241.

■ To the extent that Sanusi argues that the Attorney General wrongly exercised his discretion, we are without jurisdiction to hear his claim in the context of a § 2241 petition. *See Sol v. INS,* 274 F.3d 648, 651 (2d Cir.2001). The duration of his detention—approximately six years to date—is extremely regrettable. Nevertheless, because the detention has been prolonged primarily by Sanusi's pursuit of final judicial review of his claims, we cannot say that this duration in itself violates due process. *See Doherty v. Thornburgh,* 943 F.2d 204, 211 (2d Cir.1991); *Dor v. District Director, INS,* 891 F.2d 997, 1002 (2d Cir.1989).

■ In his petition, Sanusi also objected to the conditions at the Wackenhut Detention Facility, which he characterized as "23 hour daily lock-up and only one hour recreation (still indoors)."[2] It is not clear, from this statement, precisely what sort of claim petitioner is making, and we note that there are at least two possibilities: a *Bivens* action for damages, and a plea for injunctive relief. The district court construed this statement as a general challenge to Sanusi's conditions of confinement, and, citing 28 C.F.R. §§ 542.10–542.19, dismissed the claim for failure to demonstrate that the petitioner had exhausted administrative remedies.

It may well be that petitioner did not make such a showing, but as a legal matter, it is far from certain that he was required to do so, particularly if he seeks damages which are unavailable through the grievance procedures open to him. If Congress has not specifically mandated exhaustion, it is incumbent upon courts to "evaluat[e] ... the individual and institutional interests at stake in [the] case," to determine whether exhaustion is required. *McCarthy v. Madigan,* 503 U.S. 140, 152, 112 S.Ct. 1081, 117 L.Ed.2d 291 (1992). We decline to conduct such an evaluation at this time on appeal, both because we do

---

2. Petitioner does not raise this issue on appeal, but where it helps to "bring[ ] clarity to [a] difficult area of law," we may speak to such claims. *Flores v. Southern Peru Copper Corp.,* 343 F.3d 140, 159 n. 27 (2d Cir.2003). Because we deem this to be such an area, and

because of the solicitude with which we treat *pro se,* and particularly incarcerated, petitioners, we consider it appropriate to provide the petitioner with an opportunity to clarify his claim, and pursue it if he wishes.

52

not have the benefit of counsel and because we believe that evaluation to be best done, in the first instance, by the district court.

Under the circumstances, we deem it appropriate to construe the district court's dismissal to be a dismissal without prejudice, and to remand to that court to allow Sanusi the opportunity, if he wishes, to replead his conditions of confinement claim. We believe that claim to be a highly complex one, involving a series of unsettled legal issues.[3] In view of this, we expect the district court will wish to consider—with Sanusi's consent—the appointment of counsel.

Having considered all of petitioner's claims, we AFFIRM the district court's denial of Sanusi's habeas petition, but REMAND the case to that court so that it may permit petitioner to replead his conditions of confinement claim, preferably with the assistance of counsel.

---

3. In addition to the aforementioned question of whether exhaustion is required, Sanusi's claim raises issues of (1) whether injunctive relief is available, for example, to enforce the Bureau of Prison's regulations governing the treatment of pre-trial detainees, *see, e.g.*, 28 C.F.R. § 551.115, and (2) whether a *Bivens* action is available, in view of his jailer's "private" status, and, if it is, whether an action lies against the individual officers who confined him, or also against Wackenhut itself, *see Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 122 S.Ct. 515, 151 L.Ed.2d 456 (2001) (holding that there is no implied private right of action, under *Bivens*, against a private entity operating under contract with the Bureau of Prisons—but only in the context where a state tort action seemed feasible—and leaving open the question of whether a *Bivens* action could lie against individual officers even in that context).