**Juan DESLANDES, Petitioner–Appellant,**

v.

**Thomas RIDGE, Respondent–Appellee.**

No. 04–1122.

United States Court of Appeals, Second Circuit.

March 23, 2005.

Matthew L. Guadagno, Bretz & Coven, LLP, New York, NY; Kerry William Bretz, Jules E. Coven, Ruchi Thaker, Ilona Stanley, on the brief, for Petitioner–Appellant.

Margaret M Kolbe, Assistant United States Attorney; Roslynn R. Mauskopf, United States Attorney, Eastern District of New York, on the brief; Varuni Nelson, Steven J. Kim, Assistant United States Attorneys, for Respondent–Appellee, of counsel.

Present: MESKILL, JACOBS, and STRAUB, Circuit Judges.

### SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court be, and it hereby is, AFFIRMED.

Deslandes, a 38–year–old Haitian immigrant, appeals from a February 3, 2004 judgment of the United States District Court for the Eastern District of New York denying his 28 U.S.C. § 2241 petition for habeas corpus. Deslandes's habeas petition challenges a February 24, 2003

Board of Immigration Appeals ("BIA") decision affirming a denial of discretionary relief from removal pursuant to 8 U.S.C. § 1182(c) (1994) (" § 212(c) relief").[1] Deslandes faces removal for a 1989 conviction for attempting to sell crack cocaine, for which he was sentenced to one day's incarceration and five years' probation. We assume the parties' familiarity with the facts, decisions below, and issues on appeal.

The Immigration Judge ("IJ") hearing Deslandes's case denied his application in a sixteen-page oral decision, finding that, although Deslandes had significant positive equities, these were outweighed by his negative equities. Specifically, the IJ based his denial on the following circumstances: the seriousness of Deslandes's crime; his admission that he had sold drugs on other occasions; the IJ's suspicion, based on other circumstances, that Deslandes had sold drugs on numerous other occasions; Deslandes's failure to pay taxes for several years in the 1990s; that Deslandes initially lied to the IJ about the circumstances of the crime to which he had pled guilty, and only confessed the truth after the IJ admitted Deslandes's pre-sentence report over his objections; that Deslandes had not yet told his family about his drug dealing; that Deslandes lied about his criminal and tax records on an application for naturalization; and Deslandes's history of traffic violations. The BIA affirmed without opinion, and subsequently denied Deslandes's motions to reconsider and reopen based on new evidence of positive equities.

Deslandes petitioned for a writ of habeas corpus, arguing that the IJ violated his due process rights by failing to consider relevant evidence and by deciding his case in a manner that was arbitrary and capricious and departed from BIA precedent. Deslandes specifically takes issue with the IJ's failure to mention as positive equities the following facts: that he takes care of his blind stepfather; that, based on his criminal record, the Haitian authorities will detain him under harsh conditions; that, due to an initial erroneous decision as to his eligibility to apply for § 212(c) relief, Deslandes has already been detained by the INS for three years; and that his (non-citizen) fiancée was pregnant at the time of the IJ's decision. The District Court denied the petition. The District Court found that, under *Sol v. INS*, 274 F.3d 648 (2d Cir.2001) (per curiam), it lacked habeas jurisdiction over the IJ's exercise of discretion, and could review his decision only for legal error. Applying this standard, the District Court found that the IJ's omissions did not rise to the level of a due process violation. We agree.

Where the BIA summarily affirms the IJ's decision and adopts the IJ's reasoning in doing so, we review the decision of the IJ directly. Contrary to Deslandes's assertions, BIA precedent does not dictate that an IJ note in each decision every potentially relevant positive equity or make an explicit finding as to the existence of "unusual circumstances" before considering an applicant's negative equities. To the extent that Deslandes claims that the IJ violated his due process rights by failing to consider evidence of his positive equities, the fact that the IJ's opinion fails to *recite* each positive equity does not reflect that the IJ failed to *consider* all relevant materials in the record in making his decision. Nor can we say that the IJ's decision was so arbitrary as to constitute legal error. Deslandes had a full opportu-

1. This provision was repealed by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. 104–208, 110 Stat. 3009. However, that re-peal does not apply retroactively to immigrants who pled guilty prior to IIRIRA's enactment. *INS v. St. Cyr*, 533 U.S. 289, 326, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001).

nity to present his positive equities and address his negative equities, and the IJ's sixteen-page decision took note of many of Deslandes's other positive equities, as well as explaining the decisive weight it accorded to Deslandes's negative equities. Insofar as Deslandes's argument is that the IJ's decision lacks adequate support in the record, this argument entails precisely the sort of factual inquiry precluded by *Sol v. INS*, 274 F.3d at 651.

We have considered Deslandes's remaining arguments on this appeal and find that each of them is without merit.[2] For the foregoing reasons, the decision of the District Court is AFFIRMED.

---

2. We find that the BIA did not abuse its discretion by refusing to reopen the case based on new submissions concerning Deslandes's fiancée.