Rosita DUSSAN, Petitioner–Appellant,

v.

**IMMIGRATION AND NATURALIZATION SERVICES, Respondent–Appellee.**

No. 04–4143–PR.

United States Court of Appeals, Second Circuit.

June 22, 2005.

Rosita Dussan, Philadelphia, PA, for Appellant, pro se.

Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York (Varuni Nelson, Assistant United States Attorney, and Dione M. Enea, Special Assistant United States Attorney on the brief), Brooklyn, NY, for Appellee.

PRESENT: WALKER, Chief Judge, LEVAL, Circuit Judge, and DUPLANTIER, District Judge.*

## SUMMARY ORDER

Petitioner-appellant appeals from the April 14, 2004, judgment of the district court denying her petition, filed pursuant to 28 U.S.C. § 2241, seeking review of the decision of the Board of Immigration Appeals ("BIA") denying her January 2003 motion to reopen her removal proceedings, which had terminated in January 1995 with entry of a final order of removal. We assume familiarity with the facts and with the issues raised on appeal.

As an initial matter, the government argues that this case is controlled by our decision in *Sol v. Immigration and Naturalization Service,* 274 F.3d 648, 650–51 (2d Cir.2001) (per curiam), which held that a district court lacks subject matter jurisdiction over a § 2241 petition where, as here, the only issue raised in the petition is a challenge to the IJ's discretionary decision to deny a waiver of removal under § 212(c) of the Immigration and Nationality Act ("INA"). Our holding in *Sol* appears to have been predicated, at least in part, on amendments to the INA made by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–1323, 110 Stat. 1214 ("AEDPA"), and the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub.L. No. 104–208, 110 Stat. 3009 ("IIRIRA"), that stripped federal courts of jurisdiction to review discretionary actions of immigration judges.

---

* The Honorable Adrian G. Duplantier, of the United States District Court for the Eastern District of Louisiana, sitting by designation.

The government, however, elides a significant distinction between the present case and *Sol,* which is that Dussan's order of removal became final several months prior to the effective date of AEDPA, whereas the order of removal in *Sol* did not become final until after AEDPA was enacted. Although, as the government correctly points out, we have held in other contexts that AEDPA operates retroactively, *see, e.g., Henderson v. INS,* 157 F.3d 106, 117 (2d Cir.1998), we decline to address the novel issue presented here. Instead, because the issue is one of statutory, as opposed to constitutional, jurisdiction, we assume hypothetical jurisdiction and proceed to consider the merits of Dussan's petition. *See Abimbola v. Ashcroft,* 378 F.3d 173, 180 (2d Cir.2004) (stating that, "as the jurisdictional issue goes to statutory and not constitutional jurisdiction, we may exercise hypothetical jurisdiction," and assuming jurisdiction where jurisdictional issue was complex and the underlying claim was meritless); *Fama v. Comm'r of Correctional Servs.,* 235 F.3d 804, 816 n. 11 (2d Cir.2000).

We "review a district court's denial of habeas relief *de novo,* but we review its findings of fact only for clear error." *Tueros v. Greiner,* 343 F.3d 587, 590 (2d Cir. 2003); *see also Rankine v. Reno,* 319 F.3d 93, 98 (2d Cir.2003).

Based on our independent review of the record, we find no error in the district court's conclusions that (1) neither the IJ nor the BIA abused their discretion in denying discretionary relief under § 212(c); the IJ considered all of the relevant equities set forth by Dussan, and his decision that the positive equities were not sufficiently unusual or outstanding to outweigh the negative impact of her criminal conviction was not made without rational explanation; and (2) the BIA did not abuse its discretion in denying Dussan's motion to reopen her removal proceedings or re-consider the final order of deportation because the motion (a) was untimely; (b) did not assert any errors in the BIA's decision; and (c) did not present new evidence. We have thoroughly considered Dussan's remaining arguments and find them to lack merit.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED and appellant's motion for a stay of this appeal is DENIED as moot.