07-1426-pr
Xue v. Holder

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 0.23 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/), THE PARTY CITING THE SUMMARY ORDER MUST FILE AND SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED. IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of December, two thousand and nine.

PRESENT:

> AMALYA L. KEARSE,
> ROBERT D. SACK,
> PAUL J. KELLY,[*]
> *Circuit Judges.*

---

Shiqi Xue,

> *Petitioner-Appellant,*

v.                                                         No. 07-1426-pr

Eric H. Holder, Jr., Attorney General of the United States, Janet Napolitano, Secretary of Homeland Security, Alejandro Mayorkas, Director of the U.S. Citizenship and Immigration Services,[**] Edward J. McElroy, District Director, The U.S. Immigration and Customs Enforcement Agency,

> *Respondents-Appellees.[***]*

---

[*]The Honorable Paul J. Kelly, Jr., of the United States Court of Appeals for the Tenth Circuit, sitting by designation.

[**]Attorney General Eric H. Holder, Jr., Secretary of Homeland Security Janet Napolitano, and Director of the U.S. Citizenship and Immigration Services Alejandro Mayorkas are substituted for their predecessors as respondents in this case. See Fed. R. App. P. 43(c)(2).

[***]The Clerk of the Court is directed to amend the caption as set forth above.

For Appellant:                                          VLAD KUZMIN, *for* Kuzmin &
                                                        Associates, New York, NY


For Appellees:                                          DAVID BOBER, *for* Michael
                                                        Garcia, Former United States
                                                        Attorney for the Southern District of
                                                        New York, and Preet Bharara,
                                                        United States Attorney for the
                                                        Southern District of New York, New
                                                        York, NY


     **UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED AND**

**DECREED** that the appeal be **DISMISSED**, the district court judgment be **VACATED**, and the

cause be **REMANDED** with instructions to **DISMISS** the petition as moot.

     Petitioner-Appellant Shiqi Xue appeals from a judgment of the United States District

Court for the Southern District of New York (Victor M. Marrero, *Judge*), denying Xue's petition

for a writ of habeas corpus.  The petition sought relief from a decision by the Board of

Immigration Appeals (the "BIA") denying Xue's request for bond during the pendency of his

removal proceedings.   The district court found that it did not have subject matter jurisdiction

over the petition, because, in its estimation, the challenged decision by the BIA was

discretionary.  *See, e.g.*, *Sol v. I.N.S.*, 274 F.3d 648, 651 (2d Cir. 2001) (per curiam) ("[F]ederal

jurisdiction over     § 2241 petitions does not extend to review of discretionary determinations by

the [Immigration Judge] and the BIA.").  Xue argues on appeal that the district court's decision

was in fact based on a legal error, namely a misinterpretation of the Attorney General's decision,

*In re D-J-*, 23 I. & N. Dec. 572 (Op. Att'y Gen. Apr. 17, 2003) ("*D-J-*").  *See, e.g.*, *Khan v.*

*Gonzales*, 495 F.3d 31, 35 (2d Cir. 2007) ("[W]here, as here, . . . the petitioner raises a question

of law, [] we have jurisdiction to review [it].").

While this appeal was pending, Xue became subject to a final order of removal. Because his removal proceedings are no longer pending, Xue's petition for relief from the BIA's decision not to grant him bond during the pendency of his removal proceedings is moot. *See Wang v. Ashcroft*, 320 F.3d 130, 147 (2d Cir. 2003) ("[A] challenge to pre-final order detention [is] moot once the final order has been entered.") (parentheses omitted); *see also United States ex rel. Spinella v. Savoretti*, 201 F.2d 364, 364 (5th Cir. 1953) ("We think it clear . . . that the deportation order is now final; that the question raised by [the petitioner's] appeal, whether the court erred in denying him bond pending the deportation proceedings, has become moot; and that the appeal should be dismissed.").

Xue appears to concede that the underlying petition is moot, but seems to argue that the Court should not dismiss the appeal because "regardless of whether this petition is moot . . . the Court has subject matter jurisdiction over this petition." Nov. 9, 2009 Supp. Br. 1. However, "if a claim becomes moot between the entry of final judgment and the completion of appellate review, the appellate court usually must either dismiss the appeal or vacate so much of the district court's judgment as adjudicated that claim and remand for entry of a judgment dismissing that claim." *Altman v. Bedford Cent. School Dist.*, 245 F.3d 49, 70-71 (2d Cir. 2001) (internal citations omitted); *see also Steffel v. Thompson*, 415 U.S. 452, 459 n.10 (1974) ("The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed."); *Dennin v. Connecticut Interscholastic Athletic Conference, Inc.*, 94 F.3d 96, 100 (2d Cir. 1996) ("[W]hen it becomes impossible for an appellate court, through the exercise of its remedial powers, to do anything to redress the injury, the court is without power to

review the district court's judgment and the appeal must be dismissed.") (internal quotation marks, citation, and alterations omitted).

Here, the issues raised in the underlying habeas petition and on appeal, and the relief requested therein, pertain solely to the pendency of Xue's removal proceedings. Because those removal proceedings are no longer pending, the underlying habeas petition, and this appeal, are moot. We therefore dismiss the appeal, vacate the district court judgment, and remand with instructions to dismiss the petition as moot. *See, e.g.*, *Perez v. Greiner*, 296 F.3d 123, 126-27 (2d Cir. 2002); *Russman v. Bd. of Educ. of Enlarged City School Dist. of City of Watervliet*, 260 F.3d 114, 121 (2d Cir. 2001) (observing that "the established practice is to reverse or vacate the judgment below and remand with a direction to dismiss") (internal quotation marks, alterations, and ellipses omitted).

For the foregoing reasons, it is ordered that the appeal be hereby DISMISSED, the district court judgment hereby VACATED, and the cause hereby REMANDED to the district court with instructions to DISMISS the petition as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By:_____

4