# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 2, 2021

Lyle W. Cayce
Clerk

No. 20-11220

Amon Rweyemamu Mtaza,

*Petitioner—Appellant*,

*versus*

Merrick Garland, *U.S. Attorney General*; Alejandro Mayorkas, *Secretary, U.S. Department of Homeland Security*; Tae D. Johnson, *Acting Director, U.S. Immigration and Customs Enforcement, Acting Director, United States Immigration and Customs Enforcement*; Marc Moore, *Director, United States Immigration and Customs Enforcement Field Office for the Northern District of Texas*,

*Respondents—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:20-CV-242

Before King, Costa, and Willett, *Circuit Judges*.

Per Curiam:*

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-11220

Federal immigration authorities detained Amon Rweyemamu Mtaza pending his removal. In November 2020, Mtaza filed a motion under 28 U.S.C. § 2241 seeking temporary release. He asserted that because he suffers from a number of health conditions, he is especially vulnerable to COVID-19 and his continued detention violates his right to be free from punitive incarceration. The district court dismissed the case for lack of jurisdiction, concluding that Mtaza's claims challenged the conditions of his confinement and thus were not cognizable in habeas. Mtaza appealed.

Our jurisdiction is limited to "actual, ongoing controversies between litigants." *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). If an event occurs while an appeal is pending that makes it impossible for a court to grant any effectual relief to the prevailing party, the appeal must be dismissed. *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992). The only relief Mtaza seeks is release from custody. He has already received that relief. A search of ICE's Online Detainee Locator System shows that Mtaza is no longer in custody. Consequently, Mtaza's habeas petition and this appeal are moot. And because mootness resulted from the action of the government, which prevailed below, vacatur of the district court decision is appropriate. *Arizonans for Official English v. Arizona*, 520 U.S. 43, 72 (1997); *see also Xue v. Holder*, 354 F. App'x 596, 597 (2d Cir. 2009) (vacating jurisdictional dismissal once case became moot).

We VACATE the district court judgment, DISMISS the appeal, and REMAND with instructions to DISMISS the petition as moot.